THE AMIN LAW GROUP, NV., LTD.
Ismail Amin, Esq. (State Bar No. 9343)
Lawrence Kulp, Esq. (State Bar No. 7411)
Breane P. Stryker (State Bar No. 13594)
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Telephone: 702.990.3583
Facsimile:  702.990.3501

Attorneys for Plaintiff ABBEY DENTAL CENTER, INC., a Nevada corporation

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ABBEY DENTAL CENTER, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER OPINION LLC, a Nevada limited liability company; DOES 1-10; and ROE ENTITIES 1-10, inclusive.<br><br>Defendant. | Case No.<br><br>Assigned to the Hon.<br><br>**COMPLAINT FOR:**<br><br>1. **DECEPTIVE TRADE PRACTICE IN VIOLATION OF NRS 41.600 & 598.0915;**<br>2. **COMMON LAW MISAPPROPRIATION OF TRADE-NAME;**<br>3. **COMMON LAW TRADE-NAME INFRINGEMENT;**<br>4. **FRAUD; AND**<br>5. **FALSE DESIGNATION OF ORIGIN IN VIOLATION OF SECTION 43 OF THE LANHAM ACT (15 U.S.C. § 1125(a)**<br><br>**DEMAND FOR TRIAL BY JURY** |

For its Complaint against CONSUMER OPINION LLC, a Nevada limited liability company ("Defendant"), Plaintiff ABBEY DENTAL CENTER, a Nevada corporation ("Plaintiff"), hereby alleges as follows:

## JURISDICTION AND VENUE

1. This action arises, in part, under the Lanham Act, as amended, 15 U.S.C. §§ 1114, 1125. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (trademark claims under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademark claims), and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Specifically, and with respect to the state law claims, this Court has related claim jurisdiction over the state law claim(s) for deceptive trade practices, misappropriation of trade-name, fraud and trade-name infringement pursuant to 15 U.S.C. § 1338(b) and 28 U.S.C. § 1367. This Court has jurisdiction under the following statutory provisions: NRS 41.600 provides that an action may be brought by any "person" who is a victim of consumer fraud. Moreover, the statute defines consumer fraud as, *inter alia,* "a deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive." NRS 598.0915 provides that a person (or company) engages in a "deceptive trade practice" if, in the course of its business, it "knowingly makes a false representation as to the source, sponsorship, approval, or certification" of goods and services for sale.

3. Plaintiff is informed and believes, and based thereon alleges, that venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) (2006) and (c) because the

claim arose, and Defendant's principal place of business is located in Clark County, Nevada.

## PARTIES

4. Plaintiff ABBEY DENTAL CENTER, INC., is a Nevada corporation, doing business in the State of Nevada.

5. Defendant CONSUMER OPINION LLC, is a Nevada limited liability company, doing business in the State of Nevada.

6. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1-10, and ROE ENTITIES 1-10, inclusive, are unknown to Plaintiff, and therefore, Plaintiff sues said Defendant(s) by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendant(s) designated herein as fictitiously-named Defendant is, in some manner, responsible for the events and happenings referred to herein.

7. Plaintiff is informed and believes, and on that basis alleges, that the Defendants, and each of them, including DOES 1-10, and ROE ENTITIES 1-10, inclusive, at all material times was the agent, servant, employee, or partner of each of the other Defendants, and in doing things alleged herein, said Defendants, and each of them, were acting within the course and scope of their agency, and with the consent, approval and/or ratification of each of the other Defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff is a dental care facility in Las Vegas, Nevada.

9. Plaintiff commonly utilizes the trade-name "Abbey Dental." Plaintiff has filed an application for the trademark to the standard character mark of "Abbey Dental" with the United States Patent and Trademark Office ("USPTO") (Serial No. 86524473 – Pending Principal Registry)(the "Mark").

10. Plaintiff frequently advertises through television commercials in the Las Vegas, Nevada region.

11. Defendant markets and provides online services to consumers throughout the United States. Specifically, Defendant operates a website, which allow users to search for and review businesses. Further, Defendant provides advertising for businesses throughout its website.

12. In an effort to monitor use of the Mark, Plaintiff's principal conducted an online search of the Mark. Specifically, Plaintiff's principal utilized his web browser to conduct a "Google search"[1] of the phrase "Abbey Dental" (the Mark). One of the top search results contains a heading which reads, "5 ABBEY DENTAL complaints and reviews @ Pissed …" The heading depicts Abbey Dental's name in all capital lettering, but leaves the rest of the heading in lower case lettering, leading the user to immediately perceive the heading as affiliated with Abbey Dental. Upon clicking the link, the user is led to a webpage, which consists of advertisements for Abbey Dental's

---

[1] Google maintains one of the world's largest and most popular Internet search engines, accessible, among other places, on the World Wide Web at www.google.com. *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1110, 2006 U.S. Dist. LEXIS 10923, 4, 77 U.S.P.Q.2D (BNA) 1738, Copy. L. Rep. (CCH) P29,194 (D. Nev. 2006).

direct competition. *A true and correct copy of a screenshot of the search results is attached hereto as Exhibit A.*

13. When the user clicks the heading associated with Abbey Dental, they are led to a webpage on Defendant's website, which contains customer reviews of Plaintiff's business. The webpage also contains advertisements of Plaintiff's direct competitors, including links which divert traffic to Plaintiff's competitor's business.

14. Through its conduct, Defendant has utilized deceptive practices to misappropriate Plaintiff's commercial likeness and trade-name, to divert traffic from Plaintiff for Defendant's commercial benefit, all while usurping Plaintiff's television advertising expenses.

15. In a letter dated April 6, 2015, Plaintiff gave Defendant notice of Defendant's wrongdoing and requested that Defendant cease and desist from its deceptive practices. *A true and correct copy of a notice to Defendant is attached hereto as Exhibit B.*

16. Plaintiff's April 6, 2015 letter to Defendant makes reference to another Google search result which states "Abbey Dental (Las Vegas NV) - Pissed Consumer." Since Plaintiff mailed the April 6, 2015 letter to Defendant, it appears that this search result no longer appears on the first page of Google organic search results of the Mark; however, the Google search results of the phrase "Abbey Dental Pissed Consumer," continues to show several links with the phrase "ABBEY DENTAL (Las Vegas)" in the description. Furthermore, Defendant uses the domain name "abbey-

dental.pissedconsumer.com," utilizing the Mark in its own domain name. *A true and correct copy of a screenshot of the search results, as of October 27, 2015, is attached hereto as Exhibit C.*

17. Again, Defendant's conduct is misleading as it deceives the public into believing the link belongs to Plaintiff. When the user clicks the link to abbey-dental.pissedconsumer.com, they are again led to a webpage which contains advertisements of Plaintiff's direct competitors. The false information turns customers away, while presenting advertisements of Plaintiff's direct competitors.

18. Defendant failed to respond to Plaintiff's April 6, 2015 letter. Accordingly, Plaintiff sent a second letter to Defendant, dated May 14, 2015, further requesting Defendant cease and desist its deceptive and misleading conduct. *A true and correct copy of Defendant's letter is attached hereto as Exhibit D.*

19. Defendant failed to respond to Plaintiff's May 14, 2015 letter. Accordingly, Plaintiff sent a third letter to Defendant, dated September 23, 2015, again requesting Defendant cease and desist its deceptive and misleading conduct. *A true and correct copy of Defendant's letter is attached hereto as Exhibit E.*

20. Defendant continues to intentionally and willfully use the term "Abbey Dental" to market its services to the general public.

21. The natural, probable, and foreseeable result of the intentional, willful, and wrongful conduct of Defendant has been to deprive Plaintiff of business and goodwill, and to injure Plaintiff's relationships with existing and prospective customers.

22. Further, Plaintiff is informed and believes, and based thereon alleges, that Defendant uses Plaintiff's trade-name in commerce so as to cause a likelihood of confusion between Defendant's and Plaintiff's services, or to cause mistake, or to deceive the relevant public that Defendant's services are authorized, sponsored, approved by, or are affiliated with Plaintiff.

23. Plaintiff is further informed and believes, and based thereon alleges, that by intentionally misappropriating Plaintiff's trade-name, Defendant is currently causing customer confusion in the marketplace.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Deceptive Trade Practice in Violation of NRS 41.600 & 598.0915)**

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

25. Defendant's use of "Abbey Dental" as a search term, and a search result, to redirect traffic to Defendant's website – and away from Plaintiff's – is a deceptive trade practice within the meaning of NRS 598.0915.

26. By and through Defendant's use of Plaintiff's trade-name to re-direct web traffic and customers to its website, which links to Plaintiff's competitor's websites by way of advertisements, Defendant has knowingly made a false representation as to the source of its services.

27. By and through Defendant's use of Plaintiff's trade-name in its advertisements, Defendant has knowingly made a false representation as to its affiliation or connection with Plaintiff.

28. NRS 41.600 vests Plaintiff with a private right of action to pursue civil redress for a deceptive trade practice set forth in NRS 598.0915. Accordingly, Plaintiff is victim of "consumer fraud" as that term is used in NRS 41.600.

29. Unless Defendant is restrained by this Court from continuing its unauthorized use of the Mark, Plaintiff will suffer irreparable injury. Plaintiff is therefore entitled to an injunction restraining Defendant, its officers, agents, distributors, and employees, and all persons acting in concert with them, from engaging in such deceptive trade practices in violation of NRS 598.0915.

30. Plaintiff is further entitled to recover from Defendant the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendant as a result of Defendant's deceptive trade practices. Plaintiff, at present, is unable to ascertain the full extent of monetary damages suffered by reason of Defendant's acts; however, Plaintiff is informed and believes, and based thereon alleges, that it has sustained such damages in an amount exceeding Five Million Dollars ($5,000,000.00).

31. In addition, Defendant, in engaging in the above-described conduct, has been guilty of fraud and oppression as those terms are used in NRS 42.005. Accordingly, Plaintiff is entitled to an award of exemplary or punitive damages in an amount calculated to punish and make an example of Defendant.

32. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

### (Common Law Misappropriation of Trade-name)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

34. "Abbey Dental" is Plaintiff's trade-name, as it is used by Plaintiff to identify its business and distinguish it from other businesses in the relevant market.

35. By utilizing Plaintiff's trade-name in Google search results, Defendant has intentionally misappropriated Plaintiff's trade-name.

36. Plaintiff is entitled to injunctive relief to enjoin Defendant's misappropriation of Plaintiff's commercial trade-name and likeness. Moreover, Plaintiff is entitled to restitution of Defendant's ill-gotten gains from such improper acts, in an amount to be proven at trial.

37. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## THIRD CLAIM FOR RELIEF

### (Common Law Trade-Name Infringement)

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

39. "Abbey Dental" is Plaintiff's trade-name, as it is used by Plaintiff to identify its business and distinguish it from other businesses in the relevant market.

40. By utilizing Plaintiff's trade-name in Google search results to divert traffic to Defendant's website, which links to Plaintiff's competitor's websites by way of advertisements, Defendant has utilized Plaintiff's trade-name to cause a mistake or deceive an appreciable number of reasonable customers.

41. Plaintiff is entitled to injunctive relief to enjoin Defendant's trade-name infringement of Plaintiff's commercial trade-name and likeness. Moreover, Plaintiff is entitled to restitution of Defendant's ill-gotten gains from such improper acts, in an amount to be proven at trial.

42. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

///

///

## FOURTH CLAIM FOR RELIEF

### (Fraud)

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

44. Plaintiff is informed and believes, and based thereon alleges, that Defendant knowingly used "Abbey Dental" as a search term, and a search result, to redirect traffic to Defendant's website – and away from Plaintiff's.

45. By and through Defendant's use of Plaintiff's trade-name to re-direct web traffic and customers to its website, Defendant has falsely represented the source of its services.

46. By and through Defendant's use of Plaintiff's trade-name in its headings, links, and website descriptions, Defendant has falsely represented its affiliation or connection with Plaintiff.

47. Plaintiff is informed and believes, and based thereon alleges, that Defendant knowingly acted with the specific intent of making such false representations in order to exploit Plaintiff, deriving and usurping the benefits of Plaintiff's advertising expenses, acumen and good will.

48. Unless Defendant is restrained by this Court from continuing its fraudulent use of the Mark, Plaintiff will suffer irreparable injury. Plaintiff is therefore entitled to an injunction restraining Defendant, its officers, agents, distributors, and employees, and all persons acting in concert with them, from engaging in such fraudulent behavior.

49. Plaintiff is further entitled to recover from Defendant the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendant as a result of Defendant's deceptive trade practices. Plaintiff, at present, is unable to ascertain the full extent of monetary damages suffered by reason of Defendant's acts; however, Plaintiff is informed and believes, and based thereon alleges, that it has sustained such damages in an amount exceeding Five Million Dollars ($5,000,000.00).

50. In addition, Defendant, in engaging in the above described conduct, has been guilty of fraud and oppression as those terms are used in NRS 42.005. Accordingly, Plaintiff is entitled to an award of exemplary or punitive damages in an amount calculated to punish and make an example of Defendant.

51. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

### FIFTH CLAIM FOR RELIEF

**(Trademark Infringement and False Designation of Origin Against Defendant In Violation Of Section 43 of the Lanham Act and Pursuant to 15 U.S.C. § 1125(a))**

52. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 51, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

53. "Abbey Dental" is Plaintiff's trade-name, as it is used by Plaintiff to identify its business and distinguish it from other businesses in the relevant market.

54. Defendant's use of the Abbey Dental Mark is infringing because Defendant is and has engaged in the utilization of an identical – or nearly identical – mark as Plaintiff in Google's search engine, in order to re-direct customers looking for Plaintiff's business to Defendant's website, which in turn links to Plaintiff's competitor's websites by way of advertisements.

55. Defendant's unauthorized use in commerce of Plaintiff's Mark, which is currently used in commerce, is likely to cause confusion, mistake, or to deceive the consuming public by creating the erroneous impression that Defendant's services are (or have been) approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with, Plaintiff.

56. These acts constitute trademark infringement of the Abbey Dental Mark and false designation of origin in violation of Section 43 of the Lanham Act and 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

57. By reason of Defendant's acts, Plaintiff is, and will continue to be, irreparably harmed if Defendant is not enjoined. Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted, and Plaintiff is therefore entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

/ / /

/ / /

58. The above-described acts of Defendant has irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

59. Defendant has unfairly profited from the actions alleged, and Plaintiff is therefore entitled to recover from Defendant the damages sustained as a result of Defendant's acts in violation of 15 U.S.C. 1125(a). Plaintiff, at present, is unable to ascertain the full extent of monetary damages suffered by reason of Defendant's acts; however, Plaintiff is informed and believes, and based thereon alleges, that it has sustained such damages in an amount exceeding Five Million Dollars ($5,000,000.00).

60. As alleged, this is an exceptional case, rendering Plaintiff eligible for an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

61. Further, because of the willful nature of Defendant's acts, Plaintiff is entitled to treble damages, pursuant to 15 U.S.C. § 1117.

**PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff prays for relief as follows:

1. For a declaratory judgment that:

    a. Defendant engaged in deceptive trade practices and acts in violation of NRS 598.0915;

    b. Defendant misappropriated Plaintiff's trade-name under common law;

    c. Defendant infringed upon Plaintiff's trade-name under common law;

    d. Defendant engaged in fraud against Plaintiff; and

e. Defendant infringed upon the rights of Plaintiff in the Abbey Dental Mark in violation of 15 U.S.C. § 1125.

2. That the Court enter judgment against Defendant that the above acts, 1(a) through 1(e), were willful and intentional, making this an exceptional case;

3. That the Court issue a preliminary and permanent injunction enjoining and restraining Defendant and its agents, servants, employees, successors, assigns, and all other persons acting in concert or in conspiracy with or affiliated with Defendant from:

   a. Misappropriating Plaintiff's commercial trade-name ("Abbey Dental").

   b. Engaging in any infringing activity including advertising, promoting, marketing, franchising, distributing, selling, and offering for sale, any goods or services in connection with the infringing marks identified herein or any mark similar to the Abbey Dental Marks and trade-name.

4. For judgment against Defendant for compensatory damages in an amount exceeding Five Million Dollars ($5,000,000.00);

5. For judgment against Defendant for actual, consequential, and incidental damages in an amount exceeding Five Million Dollars ($5,000,000.00);

6. That Defendant be ordered to account for and disgorge to Plaintiff all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of;

7. That Plaintiff be awarded monetary and statutory damages resulting from Defendant's infringement in accordance with the provisions of 15 U.S.C. § 1117 in an amount exceeding Five Million Dollars ($5,000,000.00);

8. That damages resulting from Defendant's infringement under the Lanham Act be trebled due to Defendant's willfulness, in accordance with the provisions of 15 U.S.C. § 1117;

9. That Plaintiff be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community;

10. That Plaintiff be awarded an amount sufficient to reimburse Plaintiff for the costs of corrective advertising;

11. For pre-judgment interest on all infringement and other appropriate damages;

12. For reasonable attorneys' fees and costs incurred;

13. For such other relief at law or in equity to which the Court deems proper.

///
///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff ABBEY DENTAL CENTER, INC. hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: October 27th, 2015

THE AMIN LAW GROUP, NV., LTD.

By: _____
Ismail Amin, Esq.
Lawrence Kulp, Esq.
Breane P. Stryker
The Amin Law Group, NV. Ltd.
*Attorneys for Plaintiff*