**THE AMIN LAW GROUP, NV., LTD.**
Ismail Amin, Esq. (State Bar No. 9343)
Lawrence Kulp, Esq. (State Bar No. 7411)
Breane P. Stryker (State Bar No. 13594)
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Telephone: 702.990.3583
Facsimile: 702.990.3501

Attorneys for Plaintiff ABBEY DENTAL CENTER, INC., a Nevada corporation

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ABBEY DENTAL CENTER, a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> CONSUMER OPINION LLC, a Nevada limited liability company; DOES 1-10; and ROE ENTITIES 1-10, inclusive. <br><br> Defendant. | Case No. <br><br> Assigned to the Hon. <br><br> **COMPLAINT FOR:** <br><br> 1. **DECEPTIVE TRADE PRACTICE IN VIOLATION OF NRS 41.600 & 598.0915;** <br> 2. **COMMON LAW MISAPPROPRIATION OF TRADE-NAME;** <br> 3. **COMMON LAW TRADE-NAME INFRINGEMENT;** <br> 4. **FRAUD; AND** <br> 5. **FALSE DESIGNATION OF ORIGIN IN VIOLATION OF SECTION 43 OF THE LANHAM ACT (15 U.S.C. § 1125(a)** <br><br> **DEMAND FOR TRIAL BY JURY** |

1

2

3

4

For its Complaint against CONSUMER OPINION LLC, a Nevada limited liability company ("Defendant"), Plaintiff ABBEY DENTAL CENTER, a Nevada corporation ("Plaintiff"), hereby alleges as follows:

5

## JURISDICTION AND VENUE

6

7

8

9

10

11

12

1. This action arises, in part, under the Lanham Act, as amended, 15 U.S.C. §§ 1114, 1125. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (trademark claims under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademark claims), and 28 U.S.C. § 1367 (supplemental jurisdiction).

13

14

15

16

17

18

19

20

21

22

23

24

25

2. Specifically, and with respect to the state law claims, this Court has related claim jurisdiction over the state law claim(s) for deceptive trade practices, misappropriation of trade-name, fraud and trade-name infringement pursuant to 15 U.S.C. § 1338(b) and 28 U.S.C. § 1367. This Court has jurisdiction under the following statutory provisions: NRS 41.600 provides that an action may be brought by any "person" who is a victim of consumer fraud. Moreover, the statute defines consumer fraud as, *inter alia,* "a deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive." NRS 598.0915 provides that a person (or company) engages in a "deceptive trade practice" if, in the course of its business, it "knowingly makes a false representation as to the source, sponsorship, approval, or certification" of goods and services for sale.

26

27

28

3. Plaintiff is informed and believes, and based thereon alleges, that venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) (2006) and (c) because the

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

claim arose, and Defendant's principal place of business is located in Clark County, Nevada.

## PARTIES

4.  Plaintiff ABBEY DENTAL CENTER, INC., is a Nevada corporation, doing business in the State of Nevada.

5.  Defendant CONSUMER OPINION LLC, is a Nevada limited liability company, doing business in the State of Nevada.

6.  The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1-10, and ROE ENTITIES 1-10, inclusive, are unknown to Plaintiff, and therefore, Plaintiff sues said Defendant(s) by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendant(s) designated herein as fictitiously-named Defendant is, in some manner, responsible for the events and happenings referred to herein.

7.  Plaintiff is informed and believes, and on that basis alleges, that the Defendants, and each of them, including DOES 1-10, and ROE ENTITIES 1-10, inclusive, at all material times was the agent, servant, employee, or partner of each of the other Defendants, and in doing things alleged herein, said Defendants, and each of them, were acting within the course and scope of their agency, and with the consent, approval and/or ratification of each of the other Defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8.  Plaintiff is a dental care facility in Las Vegas, Nevada.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

9. Plaintiff commonly utilizes the trade-name "Abbey Dental." Plaintiff has filed an application for the trademark to the standard character mark of "Abbey Dental" with the United States Patent and Trademark Office ("USPTO") (Serial No. 86524473 – Pending Principal Registry)(the "Mark").

10. Plaintiff frequently advertises through television commercials in the Las Vegas, Nevada region.

11. Defendant markets and provides online services to consumers throughout the United States. Specifically, Defendant operates a website, which allow users to search for and review businesses. Further, Defendant provides advertising for businesses throughout its website.

12. In an effort to monitor use of the Mark, Plaintiff's principal conducted an online search of the Mark. Specifically, Plaintiff's principal utilized his web browser to conduct a "Google search"[1] of the phrase "Abbey Dental" (the Mark). One of the top search results contains a heading which reads, "5 ABBEY DENTAL complaints and reviews @ Pissed …" The heading depicts Abbey Dental's name in all capital lettering, but leaves the rest of the heading in lower case lettering, leading the user to immediately perceive the heading as affiliated with Abbey Dental. Upon clicking the link, the user is led to a webpage, which consists of advertisements for Abbey Dental's

---

[1] Google maintains one of the world's largest and most popular Internet search engines, accessible, among other places, on the World Wide Web at www.google.com. *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1110, 2006 U.S. Dist. LEXIS 10923, 4, 77 U.S.P.Q.2D (BNA) 1738, Copy. L. Rep. (CCH) P29,194 (D. Nev. 2006).

direct competition.  *A true and correct copy of a screenshot of the search results is attached hereto as Exhibit A.*

13. When the user clicks the heading associated with Abbey Dental, they are led to a webpage on Defendant's website, which contains customer reviews of Plaintiff's business.  The webpage also contains advertisements of Plaintiff's direct competitors, including links which divert traffic to Plaintiff's competitor's business.

14. Through its conduct, Defendant has utilized deceptive practices to misappropriate Plaintiff's commercial likeness and trade-name, to divert traffic from Plaintiff for Defendant's commercial benefit, all while usurping Plaintiff's television advertising expenses.

15. In a letter dated April 6, 2015, Plaintiff gave Defendant notice of Defendant's wrongdoing and requested that Defendant cease and desist from its deceptive practices.  *A true and correct copy of a notice to Defendant is attached hereto as Exhibit B.*

16. Plaintiff's April 6, 2015 letter to Defendant makes reference to another Google search result which states "Abbey Dental (Las Vegas NV) - Pissed Consumer."   Since Plaintiff mailed the April 6, 2015 letter to Defendant, it appears that this search result no longer appears on the first page of Google organic search results of the Mark; however, the Google search results of the phrase "Abbey Dental Pissed Consumer," continues to show several links with the phrase "ABBEY DENTAL (Las Vegas)" in the description.   Furthermore, Defendant uses the domain name "abbey-

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

dental.pissedconsumer.com," utilizing the Mark in its own domain name. *A true and correct copy of a screenshot of the search results, as of October 27, 2015, is attached hereto as Exhibit C.*

17. Again, Defendant's conduct is misleading as it deceives the public into believing the link belongs to Plaintiff.   When the user clicks the link to abbey-dental.pissedconsumer.com, they are again led to a webpage which contains advertisements of Plaintiff's direct competitors.  The false information turns customers away, while presenting advertisements of Plaintiff's direct competitors.

18. Defendant failed to respond to Plaintiff's April 6, 2015 letter.  Accordingly, Plaintiff sent a second letter to Defendant, dated May 14, 2015, further requesting Defendant cease and desist its deceptive and misleading conduct.  *A true and correct copy of Defendant's letter is attached hereto as Exhibit D.*

19. Defendant failed to respond to Plaintiff's May 14, 2015 letter.  Accordingly, Plaintiff sent a third letter to Defendant, dated September 23, 2015, again requesting Defendant cease and desist its deceptive and misleading conduct.  *A true and correct copy of Defendant's letter is attached hereto as Exhibit E.*

20. Defendant continues to intentionally and willfully use the term "Abbey Dental" to market its services to the general public.

21. The natural, probable, and foreseeable result of the intentional, willful, and wrongful conduct of Defendant has been to deprive Plaintiff of business and goodwill, and to injure Plaintiff's relationships with existing and prospective customers.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

22. Further, Plaintiff is informed and believes, and based thereon alleges, that Defendant uses Plaintiff's trade-name in commerce so as to cause a likelihood of confusion between Defendant's and Plaintiff's services, or to cause mistake, or to deceive the relevant public that Defendant's services are authorized, sponsored, approved by, or are affiliated with Plaintiff.

23. Plaintiff is further informed and believes, and based thereon alleges, that by intentionally misappropriating Plaintiff's trade-name, Defendant is currently causing customer confusion in the marketplace.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Deceptive Trade Practice in Violation of NRS 41.600 & 598.0915)

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

25. Defendant's use of "Abbey Dental" as a search term, and a search result, to redirect traffic to Defendant's website – and away from Plaintiff's – is a deceptive trade practice within the meaning of NRS 598.0915.

26. By and through Defendant's use of Plaintiff's trade-name to re-direct web traffic and customers to its website, which links to Plaintiff's competitor's websites by way of advertisements, Defendant has knowingly made a false representation as to the source of its services.

27. By and through Defendant's use of Plaintiff's trade-name in its advertisements, Defendant has knowingly made a false representation as to its affiliation or connection with Plaintiff.

28. NRS 41.600 vests Plaintiff with a private right of action to pursue civil redress for a deceptive trade practice set forth in NRS 598.0915.  Accordingly, Plaintiff is victim of "consumer fraud" as that term is used in NRS 41.600.

29. Unless Defendant is restrained by this Court from continuing its unauthorized use of the Mark, Plaintiff will suffer irreparable injury.  Plaintiff is therefore entitled to an injunction restraining Defendant, its officers, agents, distributors, and employees, and all persons acting in concert with them, from engaging in such deceptive trade practices in violation of NRS 598.0915.

30. Plaintiff is further entitled to recover from Defendant the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendant as a result of Defendant's deceptive trade practices.  Plaintiff, at present, is unable to ascertain the full extent of monetary damages suffered by reason of Defendant's acts; however, Plaintiff is informed and believes, and based thereon alleges, that it has sustained such damages in an amount exceeding Five Million Dollars ($5,000,000.00).

31. In addition, Defendant, in engaging in the above-described conduct, has been guilty of fraud and oppression as those terms are used in NRS 42.005.  Accordingly, Plaintiff is entitled to an award of exemplary or punitive damages in an amount calculated to punish and make an example of Defendant.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

32. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

### (Common Law Misappropriation of Trade-name)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

34. "Abbey Dental" is Plaintiff's trade-name, as it is used by Plaintiff to identify its business and distinguish it from other businesses in the relevant market.

35. By utilizing Plaintiff's trade-name in Google search results, Defendant has intentionally misappropriated Plaintiff's trade-name.

36. Plaintiff is entitled to injunctive relief to enjoin Defendant's misappropriation of Plaintiff's commercial trade-name and likeness.  Moreover, Plaintiff is entitled to restitution of Defendant's ill-gotten gains from such improper acts, in an amount to be proven at trial.

37. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

The Amin Law Group, NV, Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 | Fax: (702) 990-3501

## THIRD CLAIM FOR RELIEF

### (Common Law Trade-Name Infringement)

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

39. "Abbey Dental" is Plaintiff's trade-name, as it is used by Plaintiff to identify its business and distinguish it from other businesses in the relevant market.

40. By utilizing Plaintiff's trade-name in Google search results to divert traffic to Defendant's website, which links to Plaintiff's competitor's websites by way of advertisements, Defendant has utilized Plaintiff's trade-name to cause a mistake or deceive an appreciable number of reasonable customers.

41. Plaintiff is entitled to injunctive relief to enjoin Defendant's trade-name infringement of Plaintiff's commercial trade-name and likeness.  Moreover, Plaintiff is entitled to restitution of Defendant's ill-gotten gains from such improper acts, in an amount to be proven at trial.

42. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF

### (Fraud)

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

44. Plaintiff is informed and believes, and based thereon alleges, that Defendant knowingly used "Abbey Dental" as a search term, and a search result, to redirect traffic to Defendant's website – and away from Plaintiff's.

45. By and through Defendant's use of Plaintiff's trade-name to re-direct web traffic and customers to its website, Defendant has falsely represented the source of its services.

46. By and through Defendant's use of Plaintiff's trade-name in its headings, links, and website descriptions, Defendant has falsely represented its affiliation or connection with Plaintiff.

47. Plaintiff is informed and believes, and based thereon alleges, that Defendant knowingly acted with the specific intent of making such false representations in order to exploit Plaintiff, deriving and usurping the benefits of Plaintiff's advertising expenses, acumen and good will.

48. Unless Defendant is restrained by this Court from continuing its fraudulent use of the Mark, Plaintiff will suffer irreparable injury. Plaintiff is therefore entitled to an injunction restraining Defendant, its officers, agents, distributors, and employees, and all persons acting in concert with them, from engaging in such fraudulent behavior.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

49. Plaintiff is further entitled to recover from Defendant the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendant as a result of Defendant's deceptive trade practices. Plaintiff, at present, is unable to ascertain the full extent of monetary damages suffered by reason of Defendant's acts; however, Plaintiff is informed and believes, and based thereon alleges, that it has sustained such damages in an amount exceeding Five Million Dollars ($5,000,000.00).

50. In addition, Defendant, in engaging in the above described conduct, has been guilty of fraud and oppression as those terms are used in NRS 42.005. Accordingly, Plaintiff is entitled to an award of exemplary or punitive damages in an amount calculated to punish and make an example of Defendant.

51. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## **FIFTH CLAIM FOR RELIEF**

**(Trademark Infringement and False Designation of Origin Against Defendant In Violation Of Section 43 of the Lanham Act and Pursuant to 15 U.S.C. § 1125(a))**

52. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 51, inclusive, of this Complaint and by reference thereto, incorporates the same as though more fully set forth herein.

53. "Abbey Dental" is Plaintiff's trade-name, as it is used by Plaintiff to identify its business and distinguish it from other businesses in the relevant market.

54. Defendant's use of the Abbey Dental Mark is infringing because Defendant is and has engaged in the utilization of an identical – or nearly identical – mark as Plaintiff in Google's search engine, in order to re-direct customers looking for Plaintiff's business to Defendant's website, which in turn links to Plaintiff's competitor's websites by way of advertisements.

55. Defendant's unauthorized use in commerce of Plaintiff's Mark, which is currently used in commerce, is likely to cause confusion, mistake, or to deceive the consuming public by creating the erroneous impression that Defendant's services are (or have been) approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with, Plaintiff.

56. These acts constitute trademark infringement of the Abbey Dental Mark and false designation of origin in violation of Section 43 of the Lanham Act and 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

57. By reason of Defendant's acts, Plaintiff is, and will continue to be, irreparably harmed if Defendant is not enjoined. Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted, and Plaintiff is therefore entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

/ / /

/ / /

The Amin Law Group, NV, Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

58. The above-described acts of Defendant has irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

59. Defendant has unfairly profited from the actions alleged, and Plaintiff is therefore entitled to recover from Defendant the damages sustained as a result of Defendant's acts in violation of 15 U.S.C. 1125(a).  Plaintiff, at present, is unable to ascertain the full extent of monetary damages suffered by reason of Defendant's acts; however, Plaintiff is informed and believes, and based thereon alleges, that it has sustained such damages in an amount exceeding Five Million Dollars ($5,000,000.00).

60. As alleged, this is an exceptional case, rendering Plaintiff eligible for an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

61. Further, because of the willful nature of Defendant's acts, Plaintiff is entitled to treble damages, pursuant to 15 U.S.C. § 1117.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff prays for relief as follows:

    1.   For a declaratory judgment that:

        a.   Defendant engaged in deceptive trade practices and acts in violation of NRS 598.0915;

        b.   Defendant misappropriated Plaintiff's trade-name under common law;

        c.   Defendant infringed upon Plaintiff's trade-name under common law;

        d.   Defendant engaged in fraud against Plaintiff; and

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

e.   Defendant infringed upon the rights of Plaintiff in the Abbey Dental Mark in violation of 15 U.S.C. § 1125.

2.   That the Court enter judgment against Defendant that the above acts, 1(a) through 1(e), were willful and intentional, making this an exceptional case;

3.   That the Court issue a preliminary and permanent injunction enjoining and restraining Defendant and its agents, servants, employees, successors, assigns, and all other persons acting in concert or in conspiracy with or affiliated with Defendant from:

a.   Misappropriating Plaintiff's commercial trade-name ("Abbey Dental").

b.   Engaging in any infringing activity including advertising, promoting, marketing, franchising, distributing, selling, and offering for sale, any goods or services in connection with the infringing marks identified herein or any mark similar to the Abbey Dental Marks and trade-name.

4.   For judgment against Defendant for compensatory damages in an amount exceeding Five Million Dollars ($5,000,000.00);

5.   For judgment against Defendant for actual, consequential, and incidental damages in an amount exceeding Five Million Dollars ($5,000,000.00);

6.   That Defendant be ordered to account for and disgorge to Plaintiff all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of;

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

7.  That Plaintiff be awarded monetary and statutory damages resulting from Defendant's infringement in accordance with the provisions of 15 U.S.C. § 1117 in an amount exceeding Five Million Dollars ($5,000,000.00);

8.  That damages resulting from Defendant's infringement under the Lanham Act be trebled due to Defendant's willfulness, in accordance with the provisions of 15 U.S.C. § 1117;

9.  That Plaintiff be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community;

10. That Plaintiff be awarded an amount sufficient to reimburse Plaintiff for the costs of corrective advertising;

11. For pre-judgment interest on all infringement and other appropriate damages;

12. For reasonable attorneys' fees and costs incurred;

13. For such other relief at law or in equity to which the Court deems proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Plaintiff ABBEY DENTAL CENTER, INC. hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: October 27th, 2015

THE AMIN LAW GROUP, NV., LTD.

By: _____

Ismail Amin, Esq.
Lawrence Kulp, Esq.
Breane P. Stryker
The Amin Law Group, NV. Ltd.
*Attorneys for Plaintiff*

# EXHIBIT A

http://www.google.com/#q=abbey+dental    🔎 ﹣ C   🔍 abbey dental - Google Search ×

abbey dental las vegas warns

To help our community grow and prosper

**Abbey Dental Center Las Vegas, NV, 89119 - YP.com**
www.yellowpages.com/...abbey-dental-center-205020... ▾ Yellowpages.com ▾
★★★★ ▸ Rating: 4.5 - 6G reviews
Get reviews, hours, directions, coupons and more for Abbey Dental Center at 4408 S
Eastern Ave, Las Vegas, NV. Search for other Dentists in Las Vegas on ...

**Abbey Dental Center, Inc. – Better Business Bureau**
www.bbb.org/.../dentists/abbey-dental-center-in-la... ▾ Better Business Bureau ▾
★★★★ ▸ Rating: 4 - 2 reviews
BBB's Business Review for Abbey Dental Center, Inc., Business Reviews and
Ratings for Abbey Dental Center, Inc. in Las Vegas, NV

**5 ABBEY DENTAL complaints and reviews @ Pissed ...**
abbey-dental.pissedconsumer.com/ ▾
ABBEY DENTAL (Las Vegas NV) Poor service. Abbey Dental : They claim to take
Medicaid insurance. but they don't.

**ABBEY DENTAL (Las Vegas NV) - Pissed Consumer**
abbey-dental.pissedconsumer.com/abbey-dental-las-vegas-nv-poor-servi... ▾
Apr 5, 2012 - I paid total fee on my Moms dentures. Abbey Dental I!'s the name I took
my mother. She was so excited to get her dentures. The procedure very ...

**Search Results for abbey-dental-center in Las Vegas, NV**
www.whitepages.com/business/NV/Las...abbey-dental-center ▾ Whitepages ▾
Map and listings for abbey-dental-center in Las Vegas, NV. Find directions and
reviews right here on WhitePages.com.

**Abbey Dental Center | Las Vegas, NV 89119 | Angies List**
www.angieslist.com › Local Reviews › Las-vegas ▾ Angie's List ▾
Reviews you can trust on Abbey Dental Center from Angie's List members | 4408 S
Eastern Ave Las Vegas, NV.

**Searches related to abbey dental**

| abbey dental prices | univ dental school |
| abbey dental reviews | abbey dental las vegas |
| absolute dental | abbey dental walthamstow |
| abbey dental henderson | abbey dental indianapolis |

www.info.com? Abbey Dental ▾
Info on Abbey Dental
Get Results from 6 Search Engines!

**Abbey Dental Las Vegas**
www.about.com/Abbey+Dental+Las+V+Vegas ▾
3.5 ★★★★ ▸ rating for about.com
Search for Abbey Dental Las Vegas
Find Expert Advice on About.com.

**Abbey Dental**
www.info.com? ▾
Get Abbey Dental Info.
Access 4 Search Engines at Once.

**Abbey Dental Las Vegas**
www.ask.com/Abbey+Dental+Las+V+Vegas ▾
Over 100 Million Visitors
Discover and Explore on Ask.com!

**Dental Plans for Seniors**
www.forbes.com/seniors-dental-plans ▾
Choose From a Variety of
Dental Plans for Seniors

**No Cost Dental Care**
www.aacd.com/givebacksmile ▾
We Help Domestic Abuse Victims
Give Back A Smile - Learn More

See your ad here »

https://www.google.com/search?num=100&hl=en...

EXHIBIT B

**TALG**
**The Amin Law Group, NV. Ltd.**

3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Tel: 702.990.3583   Fax: 702.990.3501
www.aminlawgroup.com

Affiliated Offices:   The Amin Law Group, Ltd.
CALIFORNIA/TEXAS

April 6, 2015

**VIA U.S. MAIL**
Consumer Opinion LLC
1930 Village Center Circle #3-6853
Las Vegas, NV 89134

RE:   **Cease & Desist Notice - Use of Abbey Dental Trade Name**
**www.pissedconsumer.com**

Dear Sir or Madam:

This office serves as counsel for Abbey Dental Center, Inc., a dental care facility in Las Vegas, Nevada. Accordingly, please direct to the undersigned all correspondence about the matters addressed herein.

It has come to our attention that Consumer Opinion LLC ("Consumer"), has utilized "Google" advertisements in conjunction with the search term "Abbey Dental," for purposes of diverting traffic to "pissedconsumer.com." (see Exhibit 1, attached hereto). In particular, when running a basic Google search for the terms "Abbey Dental" multiple links to "abbey-dental.pissedconsumer.com" are improperly depicted (illegally using our client's trade-name).

In one Google organic search result, the heading attached to the link states "ABBEY DENTAL (Las Vegas NV) – Pissed Consumer." Another heading states "5 ABBEY DENTAL complaints and reviews @ Pissed ..." Both headings depict the Abbey Dental name in all capital lettering, but leave the rest of the heading in lower case lettering, leading the user to immediately perceive the headings as affiliated with Abbey Dental. Upon clicking the links, the users are led to webpages, which consist of advertisements for Abbey Dental's direct competition. (see Exhibit 2, attached hereto).

This conduct not only constitutes deceptive trade practices, but also infringes upon Abbey Dental's intellectual and proprietary property rights. This letter shall serve as a formal demand upon Consumer to cease and desist all use of the trade-name "Abbey Dental" (United States Patent and Trademark Office Serial No. 86524473 – Pending Principal Registry)(the "Mark").

At a minimum, Consumer's misleading actions amount to deceptive trade practices under Nevada law. See *Nevada Revised Statute Section 598.0915*. Indeed, Consumer's use of the Abbey Dental trade name and its false representations made to third parties concerning Consumer's purported affiliation with Abbey Dental, amounts to misappropriating Abbey Dental's commercial likeness and trade-name. *A.L.M.N., Inc. v. Rosoff*, 104 Nev. 274, 277, 757 P.2d 1319, 1320, 1988 Nev. LEXIS 34, 2 (Nev. 1988); *Randazza v. Cox*, 2014 U.S. Dist. LEXIS 49762, 21, 94 Fed. R. Evid. Serv. (Callaghan) 194, 2014 WL 1407378 (D. Nev. Apr. 10, 2014).

Furthermore, Consumer's actions are likely to cause confusion, mistake, or deceive the consuming public by creating the erroneous impression that your services are in some way affiliated with Abbey Dental. Accordingly, and in addition to exposure under Nevada law, Consumer's conduct is actionable under Federal Law; in particular, the Lanham Act, codified at 15 U.S.C. §§ 1114, 1125; *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d

Cease and Desist Notice
April 6, 2015
Page 2



1137, 1149-1154, 2011 U.S. App. LEXIS 4488, 23-38, 97 U.S.P.Q.2D (BNA) 2036 (9th Cir. Cal. 2011). Consumer's use of an identical or nearly identical mark through the use of Google Adwords, metatags, or other similar search engine optimization channels constitutes an infringement of Abbey Dental's trademark.

**In furtherance of the above, please immediately <u>cease and desist</u> any and all improper conduct, as described herein.** In particular, demand is made that Consumer immediately:

1) Cease and desist from utilizing deceptive representations that Consumer is affiliated with Abbey Dental in anyway;
2) Immediately discontinue the use of the "Abbey Dental" name in or with any metatags or other form of text that refers back to Consumer, or any internet site that Consumer, its parent(s), subsidiaries, affiliated entities, principals, and owners either own, control or otherwise have any interest in;
3) Remove from any entity that Consumer, its parent(s), subsidiaries, affiliated entities, principals, and owners either own, control or otherwise have any interest in, all links to any internet site that refers or relates to "Abbey Dental"; and
4) Refrain from using the Abbey Dental trade-name in any way, now, or in the future without first obtaining express written consent from Abbey Dental.

Abbey Dental has monitored and recorded evidence of Consumer's deceptive conduct. Consumer's actions have caused Abbey Dental substantial damages as Consumer has directly diverted traffic away from Abbey Dental. If Consumer, fails to adhere to the foregoing, this office is authorized to pursue any and all remedies available to Abbey Dental to protect its interests, including but not limited to, compensatory damages, punitive damages and attorneys' fees.

Please be advised that nothing in this letter is intended, nor should be construed as, a waiver of Abbey Dental's rights, all of which remain expressly reserved. **Please acknowledge receipt of this letter and provide the courtesy of a response by the close of business on <u>April 13, 2015.</u>**

Very Truly Yours,

Ismail Amin, Esq.
THE AMIN LAW GROUP, NV, LTD.

EXHIBIT 1

google.com [X] abbey dental · Google Search ×

www.google.com/search?hl=en&site=webhp&source=hp&q=abbey+dental

www.uno.com/abbey-dental ▾
Info on Abbey Dental
Get Results from 6 Search Engines!

Abbey Dental Center Las Vegas, NV, 89119 - YP.com
www.yellowpages.com/.../abbey-dental-center-205020... ▾ Yellowpages.com ▾
★★★★★ Rating 4.5 · 58 reviews
Get reviews, hours, directions, coupons and more for Abbey Dental Center at 4408 S
Eastern Ave, Las Vegas, NV. Search for other Dentists in Las Vegas on ...

Abbey Dental Las Vegas
www.about.com/Abbey-Dental-Las-Vegas ▾
3.5 ★★★★ rating for about.com.
Search for Abbey Dental about Las Vegas
Find Expert Advice on About.com

Abbey Dental Center, Inc. - Better Business Bureau
www.bbb.org/.../dentists/abbey-dental-center-in-la... ▾ Better Business Bureau ▾
BBB's Business Review for Abbey Dental Center, Inc., Business Reviews and
Ratings for Abbey Dental Center, Inc. in Las Vegas, NV.

Abbey Dental
www.info.com/ ▾
Get Abbey Dental Info.
Access 4 Search Engines at Once

5 ABBEY DENTAL complaints and reviews @ Pissed ...
abbey-dental.pissedconsumer.com/ ▾
ABBEY DENTAL (Las Vegas NV) Poor service. Abbey Dental - They claim to take
Medicaid insurance, but they don't

Abbey Dental Las Vegas
www.ask.com/Abbey+Dental+Las+Vegas ▾
Over 100 Million Visitors
Discover and Explore on Ask.com

ABBEY DENTAL (Las Vegas NV) - Pissed Consumer
abbey-dental.pissedconsumer.com/abbey-dental-las-vegas-nv-poor-servi... ▾
Apr 5, 2012 - I paid total fee on my Moms dentures. Abbey Dental it's the name I took
my mother. She was so excited to get her dentures. The procedure very

Dental Plans for Seniors
www.forbes.com/seniors-dental-plans ▾
Choose From a Variety of
Dental Plans for Seniors

Search Results for abbey-dental--center in Las Vegas, NV
www.whitepages.com/business/NV/Las.../abbey-dental-center ▾ Whitepages ▾
Map and listings for abbey-dental-center in Las Vegas, NV. Find directions and
reviews right here on WhitePages.com

No Cost Dental Care
www.aacd.com/givebacka smile ▾
We Help Domestic Abuse Victims
Give Back A Smile - Learn More

Abbey Dental Center | Las Vegas, NV 89119 | Angies List
www.angieslist.com › Local Reviews › Las vegas ▾ Angie's List ▾
Reviews you can trust on Abbey Dental Center from Angie's List members | 4408 S
Eastern Ave Las Vegas, NV.

See your ad here »

Searches related to abbey dental

abbey dental prices          univ dental school
abbey dental reviews         abbey dental las vegas
absolute dental              abbey dental walthamstow
abbey dental henderson       abbey dental indianapolis

https://www.google.com/search?hl=en&site=webhp&source=hp&q=abbey+dental&oq=abbey+dental&gs_l=heh...

5:42 PM
7/6/2015

EXHIBIT 2



edconsumer.com

Complaints   Categories   For Business

Login   Sign I

Reviews ›   Dental Services ›   Abbey Dental ›

# Abbey Dental Complaints and Reviews

☐ all-on-4-dental-implants.org

## No More Dentures

No Image
Available

1.6

5 COMPLAINTS   0 RESOLVED   1.6K VIEWS

⊞ Lies   ⬛ Prices   ⬛ Dental Services

Is this your company?
Please check our
business solutions ›

Submit review about this company ›

Please try to contact Abbey Dental Custom
Service directly prior to posting any
complaints on this site.

Do you know about Abbey Dental?
**Suggest a profile description**

bey Dental School- *** **Artists!!! BEWARE**

ny or keyword

EXHIBIT C



Google

abbey dental pissed consumer

Web   News   Videos   Shopping   Images   More ▾   Search tools

About 9,690 results (0.54 seconds)

**Abbey Dental - Pissed Consumer**
abbey-dental.pissedconsumer.com ▾
ABBEY DENTAL (Las Vegas NV) Poor service. Abbey Dental - They claim to take Medicaid insurance but they don't.

**Health and Beauty - Abbey Dental - Pissed Consumer**
abbey-dental.pissedconsumer.com/category/my-health.html ▾
★★ Rating: 1.5 - 5 votes
Abbey Dental a real joke. Abbey Dental - Review about Dental Appointment from Las Vegas, Nevada. Abbey Dental - They claim to take Medicaid insurance, but ...

**Dentures - Abbey Dental - Pissed Consumer**
abbey-dental.pissedconsumer.com/product/dentures.html ▾
★★ Rating: 1.5 - 4 votes
Jun 25, 2015 - Abbey Dental - They claim to take Medicaid insurance but they don't ( filtered by Dentures product ).

**Mountain Home, Idaho - Abbey Dental - Pissed Consumer**
abbey-dental.pissedconsumer.com/state/idaho/city/mountain-home.html ▾
★★★★★ Rating: 1.4 - 5 votes
Pissed Consumer - Abbey Dental Mountain Home, Idaho Complaints and Reviews. Reviews - From mobile Abbey Dental Feb 11, by anonymous. #592451.

**Boulder City, Nevada - Abbey Dental - Pissed Consumer**
abbey-dental.pissedconsumer.com/state/nevada/city/boulder-city.html ▾
★★★★★ Rating: 1.4 - 6 votes
Abbey Dental - Greedy at any cost (in Boulder City, Nevada).

**San Jose, California - Abbey Dental - Pissed Consumer**
abbey-dental.pissedconsumer.com/state/california/city/san-jose.html ▾
★★★★★ Rating: 1.4 - 6 votes
ABBEY DENTAL (Las Vegas NV) Poor service (in San Jose, California).

**Abbey Dental School- *** Artists!!! - Pissed Consumer**
abbey-dental.pissedconsumer.com/abbey-dental-school-artists-brevare-20... ▾
Review by by anonymous.
Mar 13, 2015 - The dentist-owner of the dental school and has stuck up wife fly in a woman from another state to be the "Director" of the dound school each ...

EXHIBIT D

**TALG**
The Amin Law Group, NV. Ltd.

3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Tel: 702.990.3583   Fax: 702.990.3501
www.aminlawgroup.com

Affiliated Offices: The Amin Law Group, Ltd.
CALIFORNIA/TEXAS

*May 14, 2015*

**VIA U.S. MAIL**
Consumer Opinion LLC
1930 Village Center Circle #3-6853
Las Vegas, NV 89134

RE:  **Second Cease & Desist Notice - Use of Abbey Dental Trade Name**
**www.pissedconsumer.com**

Dear Sir or Madam:

As you are aware, this office serves as counsel for Abbey Dental Center, Inc. ("Abbey Dental"), a dental care facility located in Las Vegas, Nevada.  This letter serves as a follow-up to our first (1st) cease and desist letter sent to Consumer Opinion LLC ("Consumer"), on April 6, 2015.  Since Consumer, has failed to respond, and because it is apparent from Consumer's website (www.pissedconsumer.com) that Consumer is still engaged in wrongful conduct, please consider this a second and final notice to cease and desist from your improper conduct.

In our prior cease and desist letter, we informed you that, at a minimum, **Consumer's misleading actions amount to deceptive trade practices under Nevada law.  See *Nevada Revised Statute Section 598.0915.***  We further notified you that Consumer's purported affiliation with, and use of Abbey Dental's trade-name, amount to misappropriating Abbey Dental's commercial likeness and trade-name infringement **under Nevada law.**  *A.L.M.N., Inc. v. Rosoff,* 104 Nev. 274, 277, 757 P.2d 1319, 1320, 1988 Nev. LEXIS 34, 2 (Nev. 1988); *Randazza v. Cox,* 2014 U.S. Dist. LEXIS 49762, 21, 94 Fed. R. Evid. Serv. (Callaghan) 194, 2014 WL 1407378 (D. Nev. Apr. 10, 2014).

Please note that because Consumer now holds itself out as being "located in Las Vegas, NV," Consumer is subject to the jurisdictional and venue requirements of the state and federal courts located in Clark County, Nevada.  Further, and as you should already be aware, Consumer's conduct is subject to the laws of the State of Nevada.

We are fully aware that pissedconsumer.com was previously controlled by Opinion Corp. ("Opinion"), an entity operating out of the State of New York.  We are also aware that Consumer and Opinion are related as they share Registered Agents.  Because Consumer now holds itself out as located in Nevada, if Consumer fails to comply with Abbey Dental's request, Abbey Dental is fully prepared to file a lawsuit against Consumer in Nevada, alleging the aforementioned Nevada state law claims.

As stated in our prior cease and desist letter, Consumer's unauthorized use of the term "Abbey Dental," for purposes of diverting traffic to Consumer's website, is unacceptable.  We notified you that you must immediately cease and desist from utilizing deceptive representations that Consumer is affiliated with Abbey Dental, and to refrain from using the Abbey Dental trade name in the future without obtaining express written consent from Abbey Dental.  Consumer has failed to comply with Abbey Dental's request.

Cease and Desist Notice
May 14, 2015
Page 2



A link to Consumer's website continues to appear on the first page of Google organic search results of the term "Abbey Dental." Consumer's link exhibits the term "ABBEY DENTAL" in all capital letters improperly representing an affiliation with Abbey Dental. We are requesting – for the second (2nd) time – that **Consumer immediately:**

1) Cease and desist from utilizing deceptive representations that Consumer is affiliated with Abbey Dental in anyway;

2) Immediately discontinue the use of the "Abbey Dental" name in or with any metatags or other form of text that refers back to Consumer, or any internet site that Consumer, its parent(s), subsidiaries, affiliated entities, principals, and owners either own, control or otherwise have any interest in;

3) Remove from any entity that Consumer, its parent(s), subsidiaries, affiliated entities, principals, and owners either own, control or otherwise have any interest in, all links to any internet site that refers or relates to "Abbey Dental"; and

4) Refrain from using the Abbey Dental trade-name in any way, now, or in the future without first obtaining express written consent from Abbey Dental.

Abbey Dental requires that Consumer **immediately contact our office to confirm that you will immediately comply with aforementioned demands.** If Consumer cannot comply **BY THE CLOSE OF BUSINESS ON MAY 27, 2015, Abbey Dental will have no choice but to resort to all legal rights and remedies available** – including, but not limited to civil litigation (alleging at a minimum deceptive trade practices under Nevada law, misappropriation of Abbey Dental's trade-name, and trade-name infringement) as well as seeking equitable relief in the form of specific performance and injunction(s). Please be advised that Abbey Dental will also seek attorney's fees for being forced to litigate a matter which could have been resolved without intervention.

Abbey Dental continues to reserve its rights and nothing contained herein should be construed as a waiver of its rights.

Very Truly Yours,

Ismail Amin, Esq.
THE AMIN LAW GROUP, NV., LTD.

EXHIBIT E



**TALG/ THE AMIN**
LAW GROUP, LTD

California / Nevada / Texas
www.aminlawgroup.com

Please Reply To:

☐ CALIFORNIA 2211 Michelson Drive, Suite 1270
Irvine, CA 92612
Tel: 949.502.7715
Fax: 949.266.8406

☒ NEVADA 3960 Howard Hughes Parkway
Fifth Floor
Las Vegas, NV 89169
Tel: 702.990.3583
Fax: 702.990.3501

☐ TEXAS 100 Crescent Court
Seventh Floor
Dallas, TX 75201
Tel: 214.459.8188
Fax: 214.459.8144

September 23, 2015

**VIA U.S. MAIL**
Consumer Opinion LLC
1930 Village Center Circle #3-6853
Las Vegas, NV 89134

RE:     **Third and Final Cease & Desist Notice - Use of Abbey Dental Trade Name**
             **www.pissedconsumer.com**

Dear Sir or Madam:

As you are aware, this office serves as counsel for Abbey Dental Center, Inc. ("Abbey Dental"), a dental care facility in Las Vegas, Nevada.  This letter serves as a follow-up to our previous cease and desist letters sent on April 6, 2015 and May 14, 2015.  Consumer Opinion LLC ("Consumer") has failed to respond to both letters.  Moreover, Consumer has failed to take any corrective action whatsoever with regards to its misconduct.  Accordingly, this office has been forced to prepare the attached Complaint, which will be filed in the U.S. District Court of Nevada if you fail to respond by the date set forth below.

In our prior cease and desist letter, we informed you that your use of the term "Abbey Dental," for purposes of diverting traffic to the Consumer website was unacceptable.  We notified you that Consumer must immediately cease and desist from utilizing deceptive representations that Consumer is affiliated with Abbey Dental, and to refrain from using the Abbey Dental trade name in the future without obtaining express written consent from Abbey Dental.

We are requesting – for the third (3rd) time – that **Consumer immediately:**

1) Cease and desist from utilizing deceptive representations that Consumer is affiliated with Abbey Dental in anyway;
2) Immediately discontinue the use of the "Abbey Dental" name in or with any metatags or other form of text that refers back to Consumer, or any internet site that Consumer, its parent(s), subsidiaries, affiliated entities, principals, and owners either own, control or otherwise have any interest in;
3) Remove from any entity that Consumer, its parent(s), subsidiaries, affiliated entities, principals, and owners either own, control or otherwise have any interest in, all links to any internet site that refers or relates to "Abbey Dental"; and
4) Refrain from using the Abbey Dental trade-name in any way, now, or in the future without first obtaining express written consent from Abbey Dental.



Abbey Dental requires that Consumer **immediately contact our law office to confirm that you will immediately comply with the aforementioned demands.**  If Consumer cannot comply **BY THE CLOSE OF BUSINESS ON OCTOBER 2, 2015, Abbey Dental will have no choice but to resort to all legal rights and remedies available** – including, but not limited to civil litigation (alleging at a minimum deceptive trade practices under Nevada law, misappropriation of Abbey Dental's trade-name, and trade-name infringement) as well as seeking equitable relief in the form of specific performance and injunction(s).  Be advised that Abbey Dental will also seek attorney's fees for being forced to litigate a matter which could have been resolved without intervention.

Abbey Dental continues to reserve its rights and nothing contained herein should be construed as a waiver of its rights.

Very truly yours,

Ismail Amin, Esq.
THE AMIN LAW GROUP, NV. LTD.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THE AMIN LAW GROUP, NV., LTD.**
Ismail Amin, Esq. (State Bar No. 9343)
Lawrence Kulp, Esq. (State Bar No. 7411)
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Telephone: 702.990.3583
Facsimile: 702.990.3501

Attorneys for Plaintiff ABBEY DENTAL CENTER, INC., a Nevada corporation

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ABBEY DENTAL CENTER, a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> CONSUMER OPINION LLC, a Nevada limited liability company; DOES 1-10; and ROE ENTITIES 1-10, inclusive. <br><br> Defendant. | Case No. <br><br> Assigned to the Hon. <br><br> **COMPLAINT FOR:** <br><br> 1. **DECEPTIVE TRADE PRACTICE IN VIOLATION OF NRS 41.600 & 598.0915;** <br> 2. **COMMON LAW MISAPPROPRIATION OF TRADE-NAME;** <br> 3. **COMMON LAW TRADE-NAME INFRINGEMENT;** <br> 4. **FRAUD; AND** <br> 5. **FALSE DESIGNATION OF ORIGIN IN VIOLATION OF SECTION 43 OF THE LANHAM ACT (15 U.S.C. § 1125(a)** <br><br> **DEMAND FOR TRIAL BY JURY** |

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990.3583 / Fax: (702) 990.3501

1
**COMPLAINT**

For its Complaint against CONSUMER OPINION LLC, a Nevada limited liability company ("Defendant"), Plaintiff ABBEY DENTAL CENTER, a Nevada corporation ("Plaintiff"), hereby alleges as follows:

### JURISDICTION AND VENUE

1. This action arises, in part, under the Lanham Act, as amended, 15 U.S.C. §§ 1114, 1125. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (trademark claims under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademark claims), and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Specifically, and with respect to the state law claims, this Court has related claim jurisdiction over the state law claim(s) for deceptive trade practices, misappropriation of trade-name, fraud and trade-name infringement pursuant to 15 U.S.C. § 1338(b) and 28 U.S.C. § 1367. This Court has jurisdiction under the following statutory provisions: NRS 41.600 provides that an action may be brought by any "person" who is a victim of consumer fraud. Moreover, the statute defines consumer fraud as, *inter alia,* "a deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive." NRS 598.0915 provides that a person (or company) engages in a "deceptive trade practice" if, in the course of its business, it "knowingly makes a false representation as to the source, sponsorship, approval, or certification" of goods and services for sale.

3. Additionally, this Court has personal jurisdiction under the following statutory provisions: according to the *Federal Rules of Civil Procedure,* Rules 4(d) and 4(e),

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

district courts may serve non-resident defendants in accordance with the personal jurisdiction statutes or long-arm statutes of the state within which the court sits. See *Myers v. Johns Manville Sales Corp.,* 600 F. Supp. 977, 982 (1984). Accordingly, *Nevada Revised Statutes* section 14.065(1) provides that "[a] court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the constitution of this state or the Constitution of the United States." Nev. Rev. Stat. § 14.065(1). Moreover, the statute goes on to state that, "[p]ersonal service of summons upon a party outside this state is sufficient to confer upon a court of this state jurisdiction over the party so served if the service is made by delivering a copy of the summons, together with a copy of the complaint, to the person served in the manner provided by statute or rule of court for service upon a person of like kind within this state." *Id.* §14.065(2).

4.  Plaintiff is informed and believes, and based thereon alleges, that venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) (2006) and (c) because the claim arose, and Defendant's principal place of business is located in Clark County, Nevada.

## PARTIES

5.  Plaintiff ABBEY DENTAL CENTER, INC., is a Nevada corporation, doing business in the State of Nevada.

6.  Defendant CONSUMER OPINION LLC, is a Nevada limited liability company, doing business in the State of Nevada.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

7. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1-10, and ROE ENTITIES 1-10, inclusive, are unknown to Plaintiff, and therefore, Plaintiff sues said Defendant(s) by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendant(s) designated herein as fictitiously-named Defendant is, in some manner, responsible for the events and happenings referred to herein.

8. Plaintiff is informed and believes, and on that basis alleges, that the Defendants, and each of them, including DOES 1-10, and ROE ENTITIES 1-10, inclusive, at all material times was the agent, servant, employee, or partner of each of the other Defendants, and in doing things alleged herein, said Defendants, and each of them, were acting within the course and scope of their agency, and with the consent, approval and/or ratification of each of the other Defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. Plaintiff is a dental care facility in Las Vegas, Nevada.

10. Plaintiff commonly utilizes the trade-name "Abbey Dental."  Plaintiff has filed an application for the trademark to the standard character mark of "Abbey Dental" with the United States Patent and Trademark Office ("USPTO") (Serial No. 86524473 – Pending Principal Registry)(the "Mark").

11. Plaintiff frequently advertises through television commercials in the Las Vegas, Nevada region.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

12. Defendant markets and provides online services to consumers throughout the United States. Specifically, Defendant operates a website, which allow users to search for and review businesses. Further, Defendant provides advertising for businesses throughout its website.

13. In an effort to monitor use of the Mark, Plaintiff's principal conducted an online search of the Mark. Specifically, Plaintiff's principal utilized his web browser to conduct a "Google search"[1] of the phrase "Abbey Dental" (the Mark). One of the top search results contains a heading which reads, "7 ABBEY DENTAL complaints and reviews @ Pissed ..." The heading depicts Abbey Dental's name in all capital lettering, but leaves the rest of the heading in lower case lettering, leading the user to immediately perceive the heading as affiliated with Abbey Dental. Upon clicking the link, the user is led to a webpage, which consists of advertisements for Abbey Dental's direct competition. *A true and correct copy of a screenshot of the search results is attached hereto as Exhibit 1.*

14. When the user clicks the heading associated with Abbey Dental, they are led to a webpage on Defendant's website, which contains customer reviews of Plaintiff's business. The webpage also contains advertisements of Plaintiff's direct competitors, including links which divert traffic to Plaintiff's competitor's business.

---

[1] Google maintains one of the world's largest and most popular Internet search engines, accessible, among other places, on the World Wide Web at www.google.com. *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1110, 2006 U.S. Dist. LEXIS 10923, 4, 77 U.S.P.Q.2D (BNA) 1738, Copy. L. Rep. (CCH) P29,194 (D. Nev. 2006).

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

15. Through its conduct, Defendant has utilized deceptive practices to misappropriate Plaintiff's commercial likeness and trade-name, to divert traffic from Plaintiff for Defendant's commercial benefit, all while usurping Plaintiff's television advertising expenses.

16. In a letter dated April 6, 2015, Plaintiff gave Defendant notice of Defendant's wrongdoing and requested that Defendant cease and desist from its deceptive practices. *A true and correct copy of a notice to Defendant is attached hereto as Exhibit 2.*

17. Plaintiff's April 6, 2015 letter to Defendant makes reference to another Google search result which states "Abbey Dental (Las Vegas NV) - Pissed Consumer." Since Plaintiff mailed the April 6, 2015 letter to Defendant, it appears that this search result no longer appears on the first page of Google organic search results of the Mark; however, the Google search results of the phrase "Abbey Dental Pissed Consumer," continues to show several links with the phrase "ABBEY DENTAL (Las Vegas)" in the description. Furthermore, Defendant uses the domain name "abbey-dental.pissedconsumer.com," utilizing the Mark in its own domain name. *A true and correct copy of a screenshot of the search results, as of June 5, 2015, is attached hereto as Exhibit 3.*

18. Again, Defendant's conduct is misleading as it deceives the public into believing the link belongs to Plaintiff. When the user clicks the link to abbey-dental.pissedconsumer.com, they are again led to a webpage which contains

advertisements of Plaintiff's direct competitors.  The false information turns customers away, while presenting advertisements of Plaintiff's direct competitors.

19. Defendant failed to respond to Plaintiff's April 6, 2015 letter.  Accordingly, Plaintiff sent a second letter to Defendant, dated May 14, 2015, further requesting Defendant cease and desist its deceptive and misleading conduct. To date, Defendant has failed to respond. *A true and correct copy of Defendant's letter is attached hereto as Exhibit 4.*

20. Defendant continues to intentionally and willfully use the term "Abbey Dental" to market its services to the general public.

21. The natural, probable, and foreseeable result of the intentional, willful, and wrongful conduct of Defendant has been to deprive Plaintiff of business and goodwill, and to injure Plaintiff's relationships with existing and prospective customers.

22. Further, Plaintiff is informed and believes, and based thereon alleges, that Defendant uses Plaintiff's trade-name in commerce so as to cause a likelihood of confusion between Defendant's and Plaintiff's services, or to cause mistake, or to deceive the relevant public that Defendant's services are authorized, sponsored, approved by, or are affiliated with Plaintiff.

23. Plaintiff is further informed and believes, and based thereon alleges, that by intentionally misappropriating Plaintiff's trade-name, Defendant is currently causing customer confusion in the marketplace.

/ / /

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(Deceptive Trade Practice in Violation of NRS 41.600 & 598.0915)**

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23, inclusive, of this Complaint and by reference thereto, incorporate the same as though more fully set forth herein.

25. Defendant's use of "Abbey Dental" as a search term, and a search result, to redirect traffic to Defendant's website – and away from Plaintiff's – is a deceptive trade practice within the meaning of NRS 598.0915.

26. By and through Defendant's use of Plaintiff's trade-name to re-direct web traffic and customers to its website, which links to Plaintiff's competitor's websites by way of advertisements, Defendant has knowingly made a false representation as to the source of its services.

27. By and through Defendant's use of Plaintiff's trade-name in its advertisements, Defendant has knowingly made a false representation as to its affiliation or connection with Plaintiff.

28. NRS 41.600 vests Plaintiff with a private right of action to pursue civil redress for a deceptive trade practice set forth in NRS 598.0915. Accordingly, Plaintiff is victim of "consumer fraud" as that term is used in NRS 41.600.

29. Unless Defendant is restrained by this Court from continuing its unauthorized use of the Marks, Plaintiff will suffer irreparable injury. Plaintiff is therefore entitled to an

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

injunction restraining Defendant, its officers, agents, distributors, and employees, and all persons acting in concert with them, from engaging in such deceptive trade practices in violation of NRS 598.0915.

30. Plaintiff is further entitled to recover from Defendant the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendant as a result of Defendant's deceptive trade practices.  Plaintiff, at present, is unable to ascertain the full extent of monetary damages suffered by reason of Defendants' acts; however, Plaintiff is informed and believes, and based thereon alleges, that it has sustained such damages in an amount exceeding Five Million Dollars ($5,000,000.00).

31. In addition, Defendant, in engaging in the above described conduct has been guilty of fraud and oppression as those terms are used in NRS 42.005.  Accordingly, Plaintiff is entitled to an award of exemplary or punitive damages in an amount calculated to punish and make an example of Defendant.

32. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

/ / /

/ / /

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CLAIM FOR RELIEF

### (Common Law Misappropriation of Trade-name)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32, inclusive, of this Complaint and by reference thereto, incorporate the same as though more fully set forth herein.

34. "Abbey Dental" is Plaintiff's trade-name, as it is used by Plaintiff to identify its business and distinguish it from other businesses in the relevant market.

35. By utilizing Plaintiff's trade-name in Google search results, Defendant has intentionally misappropriated Plaintiff's trade-name.

36. Plaintiff is entitled to injunctive relief to enjoin Defendant's misappropriation of Plaintiff's commercial trade-name and likeness.  Moreover, Plaintiff is entitled to restitution of Defendant's ill-gotten gains from such improper acts, in an amount to be proven at trial.

37. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

/ / /

/ / /

**THIRD CLAIM FOR RELIEF**

**(Common Law Trade-Name Infringement)**

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37, inclusive, of this Complaint and by reference thereto, incorporate the same as though more fully set forth herein.

39. "Abbey Dental" is Plaintiff's trade-name, as it is used by Plaintiff to identify its business and distinguish it from other businesses in the relevant market.

40. By utilizing Plaintiff's trade-name in Google search results to divert traffic to Defendant's website, which links to Plaintiff's competitor's websites by way of advertisements, Defendant has utilized Plaintiff's trade-name to cause a mistake or deceive an appreciable number of reasonable customers.

41. Plaintiff is entitled to injunctive relief to enjoin Defendant's trade-name infringement of Plaintiff's commercial trade-name and likeness.  Moreover, Plaintiff is entitled to restitution of Defendant's ill-gotten gains from such improper acts, in an amount to be proven at trial.

42. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

/ / /

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

## FOURTH CLAIM FOR RELIEF

### (Fraud)

43. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 42, inclusive, of this Complaint and by reference thereto, incorporate the same as though more fully set forth herein.

44. Plaintiff is informed and believes, and based thereon alleges, that Defendant knowingly used "Abbey Dental" as a search term, and a search result, to redirect traffic to Defendant's website – and away from Plaintiff's.

45. By and through Defendant's use of Plaintiff's trade-name to re-direct web traffic and customers to its website, Defendant has falsely represented the source of its services.

46. By and through Defendant's use of Plaintiff's trade-name in its headings, links, and website descriptions, Defendant has falsely represented its affiliation or connection with Plaintiff.

47. Plaintiff is informed and believes, and based thereon alleges, that Defendant knowingly acted with the specific intent of making such false representations in order to exploit Plaintiff, deriving and usurping the benefits of Plaintiff's advertising expenses, acumen and good will.

48. Unless Defendant is restrained by this Court from continuing its fraudulent use of the Mark, Plaintiff will suffer irreparable injury.  Plaintiff is therefore entitled to an injunction restraining Defendant, its officers, agents, distributors, and employees, and all persons acting in concert with them, from engaging in such fraudulent behavior.

The Amin Law Group, NV, Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

49. Plaintiff is further entitled to recover from Defendant the damages it has sustained and will sustain, and any gains, profits and advantages unfairly obtained by Defendant as a result of Defendant's deceptive trade practices.  Plaintiff, at present, is unable to ascertain the full extent of monetary damages suffered by reason of Defendants' acts; however, Plaintiff is informed and believes, and based thereon alleges, that it has sustained such damages in an amount exceeding Five Million Dollars ($5,000,000.00).

50. In addition, Defendant, in engaging in the above described conduct, has been guilty of fraud and oppression as those terms are used in NRS 42.005.  Accordingly, Plaintiff is entitled to an award of exemplary or punitive damages in an amount calculated to punish and make an example of Defendant.

51. Also, as a further direct and proximate result of Defendant's actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and has been damaged thereby; as such, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## FIFTH CLAIM FOR RELIEF

### (Trademark Infringement and False Designation of Origin Against Defendant In Violation Of Section 43 of the Lanham Act and Pursuant to 15 U.S.C. § 1125(a))

52. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 51, inclusive, of this Complaint and by reference thereto, incorporate the same as though more fully set forth herein.

53. "Abbey Dental" is Plaintiff's trade-name, as it is used by Plaintiff to identify its business and distinguish it from other businesses in the relevant market.

54. Defendant's use of the Abbey Dental Mark is infringing because Defendant is and has engaged in the utilization of an identical – or nearly identical – mark as Plaintiff in Google's search engine, in order to re-direct customers looking for Plaintiff's business to Defendant's website, which in turn links to Plaintiff's competitor's websites by way of advertisements.

55. Defendant's unauthorized use in commerce of Plaintiff's Mark, which is currently used in commerce, is likely to cause confusion, mistake, or to deceive the consuming public by creating the erroneous impression that Defendant's services are (or have been) approved, sponsored, endorsed, or guaranteed by, or are in some way affiliated with, Plaintiff.

56. These acts constitute trademark infringement of the Abbey Dental Mark and false designation of origin in violation of Section 43 of the Lanham Act and 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

57. By reason of Defendant's acts, Plaintiff is, and will continue to be, irreparably harmed if Defendant is not enjoined.  Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted, and Plaintiff is therefore entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

58. The above-described acts of Defendant has irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

59. Defendant has unfairly profited from the actions alleged, and Plaintiff is therefore entitled to recover from Defendants the damages sustained as a result of Defendant's acts in violation of 15 U.S.C. 1125(a).  Plaintiff, at present, is unable to ascertain the full extent of monetary damages suffered by reason of Defendant's acts; however, Plaintiff is informed and believes, and based thereon alleges, that it has sustained such damages in an amount exceeding Five Million Dollars ($5,000,000.00).

60. As alleged, this is an exceptional case, rendering Plaintiff eligible for an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

61. Further, because of the willful nature of Defendant's acts, Plaintiff is entitled to treble damages, pursuant to 15 U.S.C. § 1117.

### PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays for relief as follows:

1. For a declaratory judgment that:

   a. Defendant engaged in deceptive trade practices and acts in violation of NRS 598.0915;

   b. Defendant misappropriated Plaintiff's trade-name under common law;

   c. Defendant infringed upon Plaintiff's trade-name under common law;

   d. Defendant engaged in fraud against Plaintiff; and

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

    e. Defendant infringed upon the rights of Plaintiff in the Abbey Dental Mark in violation of 15 U.S.C. § 1125.

2. That the Court enter judgment against Defendant that the above acts, 1(a) through 1(e), were willful and intentional, making this an exceptional case;

3. That the Court issue a preliminary and permanent injunction enjoining and restraining Defendant and its agents, servants, employees, successors, assigns, and all other persons acting in concert or in conspiracy with or affiliated with Defendant from:

    a. Misappropriating Plaintiff's commercial trade-name ("Abbey Dental").

    b. Engaging in any infringing activity including advertising, promoting, marketing, franchising, distributing, selling, and offering for sale, any goods or services in connection with the infringing marks identified herein or any mark similar to the Abbey Dental Marks and trade-name.

4. For judgment against Defendants for compensatory damages in an amount exceeding in an amount exceeding Five Million Dollars ($5,000,000.00);

5. For judgment against Defendants for actual, consequential, and incidental damages in an amount exceeding in an amount exceeding Five Million Dollars ($5,000,000.00);

6. That Defendant be ordered to account for and disgorge to Plaintiff all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of;

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

7.  That Plaintiff be awarded monetary and statutory damages resulting from Defendant's infringement in accordance with the provisions of 15 U.S.C. § 1117 in an amount exceeding Five Million Dollars ($5,000,000.00);

8.  That damages resulting from Defendant's infringement under the Lanham Act be trebled due to Defendant's willfulness, in accordance with the provisions of 15 U.S.C. § 1117;

9.  That Plaintiff be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community;

10. That Plaintiff be awarded an amount sufficient to reimburse Plaintiff for the costs of corrective advertising;

11. For pre-judgment interest on all infringement and other appropriate damages;

12. For reasonable attorneys' fees and costs incurred;

13. For such other relief at law or in equity to which the Court deems proper.

/ / /

/ / /

1

## DEMAND FOR JURY TRIAL

2

Plaintiff ABBEY DENTAL CENTER, INC. hereby demands a jury trial as

3

provided by Rule 38(a) of the Federal Rules of Civil Procedure.

4

5

6

7

Dated: June ___, 2015                                 **THE AMIN LAW GROUP, NV., LTD.**

8

9                                                      By:_____

10                                                            Ismail Amin, Esq.

11                                                            Lawrence Kulp, Esq.
                                                             Cyrus Safa, Esq.
12                                                            The Amin Law Group, NV. Ltd.
                                                             *Attorneys for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501