**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ABBEY DENTAL CENTER, INC., )
                                      Plaintiff, )    Case No.: 2:15-cv-2069-GMN-PAL
vs. )
)    **ORDER**
CONSUMER OPINION LLC, )
)
                                    Defendant. )
)

Pending before the Court is the Motion to Dismiss, (ECF No. 48), filed by Plaintiff Abbey Dental Center, Inc. ("Plaintiff"). Defendant Consumer Opinion LLC ("Defendant") filed a Response, (ECF No. 49), and Plaintiff filed a Reply, (ECF No. 50). For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion.

**I.**    <u>**BACKGROUND**</u>

This case arises out of Plaintiff's trademark dispute under the Lanham Act, 15 U.S.C. §§ 1114, 1125, regarding Plaintiff's registered trademark of "Abbey Dental." (First Am. Compl. ("FAC") ¶¶ 9-10, ECF No. 28). On October 27, 2015, Plaintiff filed its Complaint, (ECF No. 1), and on December 8, 2016, Plaintiff filed its First Amended Complaint. Defendant filed Motions to Dismiss, (ECF Nos. 25, 30) for both of Plaintiff's Complaints and alleged that Plaintiff's suit is a Strategic Lawsuit Against Public Participation under Nevada Revised Statute ("NRS") 41.635–70 ("Anti-SLAPP Statute"). (*See, e.g.*, Sec. Mot. to Dismiss 2:18–23, ECF No. 30). Additionally, Defendant filed a Motion for Summary Judgment, (ECF No. 31).

On June 20, 2017, Plaintiff filed the instant Motion to Dismiss without Prejudice Pursuant to FRCP 41(a). (ECF No. 48). Plaintiff seeks to dismiss its own action because, although it alleges this case was originally filed in "a good-faith effort to protect its trademark,"

it is "no longer financially practicable to continue prosecuting this matter." (Pl.'s Mot. to Dismiss 2:9, 2:21).

## II.     LEGAL STANDARD

Rule 41(a)(2) freely permits the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced. Fed. R. Civ. Pro. 41(a)(2); 9 Wright & Miller, Federal Practice & Procedure: Civil, § 2364, at 165 (1971). Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal. *Id.* Thus, "in ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Id.* "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

Plaintiff's voluntary dismissal with prejudice with each party to pay its own fees amounts to judgment on the merits, and in such a case the defendant is technically the prevailing party. *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 2007) (abrogated on other grounds). The prevailing party on a Lanham Act claim *may* be entitled to reasonable attorney fees in exceptional cases. 15 U.S.C. § 1117(a) ("The court in exceptional cases *may* award reasonable attorney fees to the prevailing party.") (emphasis added). Exceptional circumstances include when "a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999) (internal quotation marks omitted). Under the Lanham Act, an award of attorney's fees is within the district court's discretion. The District Courts decision is reviewed under an abuse of discretion standard. *Stephen W. Boney, Inc. v. Boney Services, Inc.*, 127 F.3d 821, 825 (9th Cir. 1997).

"The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." *Hamilton v. Firestone*

*Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982). In deciding whether to award fees and costs relating to voluntarily dismissed claims, the district court has "broad fact-finding powers" to grant or decline sanctions and that its findings warrant "great deference." *Smith v. Lenches*, 263 F.3d 972, 978 (9th Cir. 2001).

## III. DISCUSSION

Plaintiff seeks dismissal because "Plaintiff has made a careful assessment of the Parties' financial resources and based on that assessment, has determined that pursuit of the case is no longer financially feasible." (Pl.'s Mot. to Dismiss 5:13–15). Defendant argues that Plaintiff's dismissal should be denied, and if it is granted, "it should be construed as a consent to the Anti-SLAPP Motion, and thus should function as a dismissal with prejudice, and with all requested attorneys' fees granted." (Resp. 3:20–22, ECF No. 49). Defendant continues that "this is not only a SLAPP suit, but [also] an 'exceptional case' under the Lanham Act," rendering attorneys' fees necessary in this situation as well. (*Id.* 3:22–23). The Court will first address Defendant's arguments concerning the SLAPP suit and then will address Defendant's arguments under the Lanham Act.

### A. Anti-SLAPP Motion

A Strategic Lawsuit Against Public Participation ("SLAPP") is a meritless suit that seeks to use "costly, time-consuming litigation" to chill a person's constitutionally protected right to free speech. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001). When a plaintiff files a SLAPP suit against a defendant, Nevada's Anti-SLAPP Statute allows the defendant to file a special motion to dismiss in response to the action. NRS 41.660(1). Additionally, NRS 41.670(2) provides, "[i]f the court grants a special motion to dismiss filed pursuant to NRS 41.660 . . . [t]he person against whom the action is brought may bring a separate action to recover: (a) [c]ompensatory damages; (b) [p]unitive damages; and (c) [a]ttorney's fees and costs of bringing the separate action."

Defendant argues that the Court should award Defendant fees under the Anti-SLAPP statute "as there is a presumption that a defendant is the prevailing party in an Anti-SLAPP motion when the plaintiff dismisses its claims prior to a hearing on an Anti-SLAPP motion." (Resp. 7:1–3). The Nevada Supreme Court holds, however, that "a defendant may not pursue an action for damages and attorney fees pursuant to NRS 41.670(2) when the plaintiff voluntarily dismisses the alleged SLAPP suit before a special motion to dismiss is filed *or granted.*" *Stubbs v. Strickland*, 297 P.3d 326, 329 (Nev. 2013) (emphasis added). Although Defendant has not pursued a specific action for damages, it is essentially doing so here in seeking attorneys' fees pursuant to the Anti-SLAPP Motion. (*See* Resp. 3:22; 3:25–27 n.1 (asserting that "attorneys' fees are mandatory when a party brings a special motion to dismiss under NRS 41.660 and prevails")). The Court holds that pursuant to the Nevada Supreme Court's statement in *Stubbs*, Defendant is not entitled to a ruling on its Anti-SLAPP Motion as it argues, and attorneys' fees are not automatically entered in its favor. As such, Defendant's Anti-SLAPP argument for attorneys' fees is not persuasive.

**B. Lanham Act**

Defendant next asserts that Plaintiff's Motion should be denied because this is an "exceptional case" under the Lanham Act. (Resp. 3:23). Specifically, Defendant avers that "Plaintiff has abused the Lanham Act as a tool of censorship [and therefore] an award of fees is warranted." (*Id.* 3:24-25).

The prevailing party on a Lanham Act claim may be entitled to reasonable attorneys' fees in exceptional cases. 15 U.S.C. § 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). Exceptional circumstances include when "a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999). Moreover, under the Lanham Act, an award of attorney's fees is within the district court's discretion.

In support of this theory for why it deserves attorneys' fees, Defendant does not present any argument as to why Plaintiff's case is exceptional under the Lanham Act other than just summarily alleging so. As such, the Court is not persuaded that this is an exceptional case and will not presently award attorneys' fees under the Lanham Act.

### C. Rule 41(a) Legal Prejudice

Because the Court is not persuaded by any of Defendant's arguments for attorneys' fees, the Court will now turn to the customary Rule 41(a) analysis as to whether Defendant will suffer prejudice from this case's dismissal. Defendant alleges that it "will suffer plain legal prejudice" because Defendant believes and again asserts that it would have prevailed on its Anti-SLAPP Motion, entitling it to attorneys' fees. (Resp. 5:8–11).

The Ninth Circuit has defined legal prejudice as including situations where dismissal of a party would have rendered the remaining parties unable to conduct sufficient discovery to untangle complex claims and adequately defend themselves. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (citing *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994)). Additionally, the Circuit in *Westlands Water District* acknowledged similar situations of legal prejudice arising where dismissal without prejudice would result in the loss of a federal forum, the right to a jury trial, or a statute-of-limitations defense. *Id.* Moreover, "[w]e have explicitly stated that the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.*

Here, Defendant has failed to show legal prejudice to prevent voluntary dismissal of this action. Defendant does not plead loss of a federal forum, loss of right to a jury trial, or loss of a statute-of-limitations defense. *See id.* Although Defendant is discernably upset over the amount of fees incurred due to the progression of this lawsuit, Defendant fails to prove legal prejudice to amount to an award of attorneys' fees. Moreover, such requests for attorneys' fees

must be filed separately. *See* L.R. 54-14.  Accordingly, the Court will grant Plaintiff's Motion to Dismiss without prejudice.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Abbey Dental's Motion to Dismiss, (ECF No. 48), is **GRANTED**.  Plaintiff's case is **DISMISSED without prejudice** to the refiling of a new case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close the case.

**DATED** this ___9___ day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge