# EXHIBIT 2

Declaration of
Marc J. Randazza

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ABBEY DENTAL CENTER, INC., a Nevada Corporation, | Case No.: 2:15-cv-02069-GMN-PAL |
| Plaintiff, | **DECLARATION OF MARC J. RANDAZZA** |
| v. | |
| CONSUMER OPINION LLC, a Nevada Limited liability company; DOES 1-10; and ROE ENTITIES 1-10, inclusive, | |
| Defendants. | |

I, Marc J. Randazza, declare under penalty of perjury:

1.     I am an attorney licensed in the States of Nevada, California, Arizona, Massachusetts, and Florida, and have 14 years of experience as an attorney.

2.     I have a BA from the University of Massachusetts, Amherst, where I earned a B.A. in journalism, but focused my studies on media law.  I have a JD from Georgetown University Law Center.  I also hold a Master's Degree in Mass Communications from the University of Florida, where I also focused on media and First Amendment law studies.  Finally, I have an LL.M. from the University of Turin, Italy.  A true and correct copy of my curated *curriculum vitae* is attached as **Exhibit 5** to Defendant Consumer Opinion, LLC's ("Opinion") Motion for Costs and Attorneys' Fees (the "Fee Motion").

3.      I am the founder and managing partner of Randazza Legal Group, PLLC ("RLG").

4.      The primary focus of my practice consists of free speech and First Amendment litigation.

5.      I am attorney of record for Opinion.

6.      As managing partner of RLG, I oversee the billing entries for the firm on this case, utilizing the billing software Bill4Time.  Attached as **Exhibit 1** to the Fee Motion are the billing entries for Opinion's case in spreadsheet format.  The fee spreadsheet contains a true and correct account of the time RLG's attorneys and staff spent on the case, and the hourly rates charged for this work.

7.      There are three categories of work done on this matter: (1) hours attributable solely to defending against Plaintiff's state law claims and the Special Motion to Dismisss under Nevada's Anti-SLAPP statute; (2) hours attributable solely to defending against Plaintiff's Lanham Act claims; and (3) hours that are inextricably connected to all claims.  In the fee spreadsheet, hours worked in category 1 are denoted with the code "AS."  Hours worked in category 2 are denoted with the code "LA."  Hours worked in category 3 are denoted with the code "CTA."

8.      Each invoice displays the date of entry; the attorney, paralegal, or staff performing the work; the description of the work performed; and the amount of time spenting performing that activity, as entered into Bill4Time, tracked in one-tenths of an hour.

9.      Due to my legal expertise and reputation, I have appeared on and written articles for numerous national news sources, including (but not limited to) National Public Radio, The New York Times, CNN, Fox News, NBC, and Vegas Inc., and I am a regular columnist for CNN.

10.      I submitted my proposed Anti-SLAPP legislation to the Nevada Senate on March 15, 2013.  I was called as a witness before the Nevada State Senate Judiciary committee to testify as an expert on First Amendment law and Anti-SLAPP laws for the benefit of the committee and the Senate in passing this important law.  On April 22, 2013, the Nevada Senate voted on my proposed Anti-SLAPP Statute, and passed it unanimously.   I appeared before the Assembly Judiciary Committee on May 6, 2013.  On May 22, 2013, the Nevada Assembly voted on the Anti-SLAPP

statute, and passed the proposed statute unanimously.  On May 27, 2013, Governor Brian Sandoval approved the bill.

11.     I testified before the Nevada Assembly Committee on the Judiciary on April 24, 2015 when the Nevada legislature was considering SB 444, an amendment that originally would have stripped Nevada's Anti-SLAPP statute of its most important protections and remedies.  I also led the lobbying effort to save the statute from the significant changes SB 444 would have brought, and was instrumental in crafting the language in the statute today.  The version of SB 444 that ultimately passed, creating the current version of the statute, retains the substance of the 2013 statute with relatively mild changes.

12.     My current standard billing rate is $675 per hour.  Upon starting work on this case, my rate was $650 per hour.  For purposes of the the Fee Motion, I worked 53.7 compensable hours.

13.     Attorney Ronald Green has a JD from University of Pittsburgh School of Law and is a Nevada-licensed attorney with 16 years of litigation experience.  He has spent most of his career as an intellectual property litigator, and has several years of experience with defamation and First Amendment cases.  Mr. Green's standard billing rate is $500 per hour.  For purposes of the the Fee Motion, he worked 4.3 compensable hours.

14.     Attorney Shepard earned his JD from Washington University School of Law, is licensed to practice in both Nevada and California, and has over three years of experience primarily in intellectual property and First Amendment litigation, including Anti-SLAPP cases.  Mr. Shepard's standard billing rate is $325 per hour.  For purposes of the the Fee Motion, he worked 88.7 compensable hours.

15.     Attorney Lateigra Cahill earned her JD from the University of California, Hastings College of Law, and is an attorney licensed in Nevada and New Mexico with 5 years of experience.  Her standard billing rate is $325 per hour.  For purposes of the the Fee Motion, she worked 3.4 compensable hours.

16.     Support staff typically bills at a rate of $50 to $75 per hour.  Paralegals bill at a rate of $150 to $175 per hour.  Some are discounted to $100 per hour.

17.     Trey Rothell is a paralegal with over three years of experience.  His standard billing rate is $175 per hour.  For purposes of the the Fee Motion, he worked 27.4 compensable hours.

18.     Elizabeth Fricker was a paralegal with one year of experience.  Her standard billing rate was $50 per hour.  For purposes of the the Fee Motion, she worked 2.0 compensable hours.

19.     These rates are based on national market rates, as RLG's practice is nation-wide.  However, we generally follow the Adjusted Laffey Matrix, with some elevated rates for special matters.  Furthermore, we do not charge for most customary costs like long-distance phone calls, faxes, and the like, as we build most "costs" into our hourly rates rather than nickel-and-dime our clients for small costs and charges.

20.     In multiplying the respective rate by the hours expended working on issues related to defending Opinion from Plaintiff's Lanham Act claims, or issues that were inextricably intertwined between the Lanham Act claims and Plaintiff's state law claims, the total attorneys' fees incurred in representing Opinion for such work in this matter was $69,912.50.

21.     To maximize cost efficiency, I had others take primary responsibility for investigation, research, and drafting memoranda for this action, while I provided litigation strategy and wrote the final drafts of the motions and pleadings.

22.     RLG made every effort to avoid duplication of work and otherwise minimize the fees and costs incurred by Opinion, for example by having lower-cost associates perform work such as research and drafting legal memoranda, while partner-level attorneys were largely relegated to making strategic decisions, preparing the final drafts of motions, and appearing at hearings.

23.     RLG has represented Opinion in several matters, including Anti-SLAPP cases, over the course of several years.  This relationship has made RLG's attorneys familiar with Opinion's business practices and the nature of its <pissedconsumer.com> web site.  In this case, such familiarity allowed RLG to more thoroughly rebut Plaintiff's factual allegations and legal theories.

24.     RLG is a small law firm that can only take a limited number of cases.  Taking this case precluded the firm from accepting other work that would have filled the gap.

25.     The information contained in this declaration and in the Fee Motion filed herewith are truthful to be the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of August 2017.

/s/ Marc J. Randazza
Marc J. Randazza