# EXHIBIT 3

Declaration of
Joseph P. Garin

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ABBEY DENTAL CENTER, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONSUMER OPINION LLC, a Nevada Limited liability company; DOES 1-10; and ROE ENTITIES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-02069-GMN-PAL<br><br>**DECLARATION OF JOSEPH P. GARIN** |

I, Joseph P. Garin, declare under penalty of perjury:

1. I am an attorney licensed to practice law in the State of Nevada for the past 18 years. I am familiar with the fees that are customarily charged by attorneys, paralegals, and legal assistants and allowed by the court, and know the reasonable value of such legal work.

2. I was first admitted to practice in 1998 in Nevada and have practiced law in Nevada since then. A substantial focus of my practice involves attorneys, legal ethics, legal malpractice, fee disputes, and attorney discipline. A copy of my CV is attached as *Exhibit 1* to this Declaration.

3. In reviewing a claim for attorney fees and costs, Court's in Nevada generally consider factors identified in Nev. R. Prof. Cond. 1.5(a)[1] and in *Brunzell v. Golden Gate, Nat'l Bank*, 85 Nev. 345, 349-350, 455 P2d 31, 33 (1969).[2]

4. This declaration is made in support of a request for fees and is based on my review of the legal file, the Court's docket, a summary of charges billed and my communications with Marc Randazza.

5. I know Marc J. Randazza personally and have knowledge that Mr. Randazza has been practicing law for approximately 14 years. I am familiar with his reputation, experience and abilities. He is highly regarded and has superior skill and experience litigating First Amendment, free speech, and Anti-SLAPP cases.

6. Mr. Randazza was instrumental in drafting the 2013 amendment to the Nevada Anti-SLAPP statute, which passed unanimously through the legislature. I also have knowledge that Mr. Randazza played an important role in shaping the 2015 amendment to the statute. Therefore, when it comes to expertise in Nevada Anti-SLAPP law, it is my conclusion that Mr. Randazza is pre-eminent and possesses superior skill handling Anti-SLAPP litigation in Nevada.

7. I have knowledge that Mr. Randazza is a nationally acclaimed attorney in the area of First Amendment and free speech litigation. He provided input to the Nevada legislature on

---

[1] Rule 1.5(a) identifies the following factors to be considered in determining the reasonableness of fees: (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) The fee customarily charged in the locality for similar legal services; (4) The amount involved and the results obtained; (5) The time limitations imposed by the client or by the circumstances; (6) The nature and length of the professional relationship with the client; (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) Whether the fee is fixed or contingent.

[2] In *Brunzell*, the Nevada Supreme Court identified the following, non-exclusive factors to determine the reasonableness of a fee: "(1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived."

the necessity for, and content of, the Nevada Anti-SLAPP statute. He was also directly involved lobbying efforts to keep the statute from being repealed in 2015, and provided input in drafting the language to modify the statute in 2015.

8. I reviewed Mr. Randazza's CV, which is attached to Defendant Consumer Opinion, LLC's ("Opinion") Motion for Costs and Attorneys' Fees (the "Fee Motion") as **Exhibit 5**. Mr. Randazza's CV exhibits qualifications and expertise well above the average attorney nationwide, and as such, I believe it is reasonable (and expected) that he would bill at rates well above those that are customary for an "average" attorney.

9. I am aware that the adjusted Laffey Matrix, which is attached to the Fee Motion as **Exhibit 4**, states that the rate for someone of Mr. Randazza's years of experience is currently $717. Accordingly, it appears to me that Mr. Randazza's hourly rate of $650 is slightly below what should be expected even without his special qualifications, experience, and national practice and notoriety.

10. I have reviewed the billing entries detailing the amount of work performed, and have reviewed the pleadings in this matter, including but not limited to the Amended Complaint, Opinion's Special Motion to Dismiss Under NRS 41.660 and Motion for Summary Judgment (the "Anti-SLAPP Motion"), the opposition and reply to the Anti-SLAPP Motion, Plaintiff's Motion to Extend Time to respond to the Anti-SLAPP Motion and the opposition and reply to that motion, Opinion's Motion to Stay the Case and the opposition and reply to that motion, and Plaintiff's Motion to Dismiss and the opposition and reply to that motion.

11. I have reviewed the billing entries and rate for Mr. Randazza and believe them to be reasonable, in light of Mr. Randazza's experience and specialization. Mr. Randazza's billing rate is commensurate with his qualifications and expertise, and the time he spent on each task actually appears to be *less* than I would expect.

12. I note that the billing contains reductions for some items that have been redacted, and contains other reductions and "No Charge" entries. It appears that the firm could have properly billed for these entries. However, it is certainly within the discretion of the billing

attorneys to offer some services without charge. The fact that there are reductions on the bills demonstrates a careful review and determination of which charges are properly billable.

13. I have knowledge that Mr. Randazza's law partner, Ronald D. Green, has been a practicing attorney in Nevada for approximately 16 years. Mr. Green is one of the most experienced intellectual property litigation attorneys in Nevada. I have reviewed the billing entries and rates for Mr. Green and believe them to be reasonable.

14. I have knowledge that attorney Alex J. Shepard is licensed in two states and has been a practicing attorney for over three years, with most of that time spent doing litigation work in the specialized fields of defamation law and Anti-SLAPP litigation, and also intellectual property litigation. I have reviewed the billing entries and rates for Mr. Shepard and believe them to be reasonable.

15. I have knowledge that attorney Lateigra Cahill is licensed in two states and has been a practicing attorney for approximately five years. I have reviewed the billing entries and rates for Ms. Cahill and believe them to be reasonable.

16. I have knowledge that Trey Rothell has worked as a paralegal for approximately three years, and has significant experience in assisting attorneys in preparing for hearings and assisting in drafting motions, as well as filing documents in federal courts. I have reviewed the billing entries and rates for Mr. Rothell and believe them to be reasonable.

17. I have reviewed the billing entries detailing the amount of work performed, and have reviewed the pleadings and court's file in this matter.

18. In my opinion, I find the level of experience and expertise of Mr. Randazza and of his attorneys and staff to be exceptional, and therefore the hourly rates to be reasonable, if not slightly below what I would expect or consider being reasonable. The time spent on each task appears to be appropriate and reasonable, and in fact appears to be efficient. There are frequent entries where higher-rate attorneys are delegating tasks to lower-cost attorneys or paralegals, which demonstrates an additional level of efficiency and cost-savings.

19. In short, the bills I reviewed for Randazza Legal Group, PLLC's work on this case are reasonable and proper, if not a bit low, for the work of the caliber and volume that appears in this file.

20. Referencing the *Brunzell* factors, Mr. Randazza has an excellent reputation for handling these types of matters. His ability, training, education, experience, professional standing and skill justify the fees requested. He handles these types of matters on a national basis. He has appeared on television and in print providing expert analysis on similar issues. He has significant experience and has handled these types of matters in multiple states and in multiple courts. The character of the work done on the file is excellent. Anti-SLAPP litigation is a new and developing area of law. Many attorneys completely miss Anti-SLAPP issues. Anti-SLAPP matters intersect with complex First Amendment and due process issues. It is not an area of law where attorneys should dabble. The issues in the case are important and involve intellectual property and on-line reviews. The work performed is proportionate to the issues presented in the pleadings. The eventual surrender contained in Plaintiff's Motion for Voluntary Dismissal (ECF No. 48) underscores the superior legal work provided. The voluntarily dismissal came after the substantial work had been completed on the file and Mr. Randazza's client achieved a complete victory on the claims.

21. Likewise, evaluating the fees requested under the relevant factors in Rule 1.5, the fees are reasonable. The time and labor on the file are appropriate given the issues raised in the pleadings. The fee customarily charged in the Las Vegas area are consistent with the rates and fees charged by Mr. Randazza. I know that some attorneys have higher rates and some lower. However, for a case like this, the rates requested are reasonable. The eventual result was a surrender by Plaintiff. Mr. Randazza's client was vindicated. The issues involved are significant intellectual property issues and Anti-SLAPP. The time limitations under the circumstances support the requested fees. Under statute, an Anti-SLAPP motion must be filed very early in a case. Mr. Randazza's experience, reputation, and abilities are superior in these areas of law.

22. It is my expert conclusion that the rates charged are below what the firm could command, and thus I do not suggest a reduction in the hourly rates. It is my further expert conclusion that the amount of time spent was reasonable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 8/24/2017.

*DocuSigned by:*
*[signature]*
B86552D226914E9...

Joseph P. Garin (NV BAR 6653)

# EXHIBIT A

*Curriculum Vitae*
of Joseph P. Garin

# JOSEPH P. GARIN

LIPSON NEILSON COLE SELTZER & GARIN, P.C.
9900 Covington Cross Dr., Suite 120
LAS VEGAS, NEVADA 89144
O: (702) 382-1500
F: (702) 382-1512
C: (702) 219-7395
jgarin@lipsonneilson.com

**BIOGRAPHICAL SUMMARY**

Joseph P. Garin is a partner in the firm of Lipson, Neilson, Cole, Seltzer & Garin, P.C. He maintains a national practice, focusing on defense of professional liability claims, insurance coverage disputes, directors and officers claims, and risk & litigation management. Throughout his career, Mr. Garin has defended more than 500 lawyers and law firms in Nevada, Michigan, Colorado, and Illinois including the completion of jury trials, arbitrations and appeals. His other experience includes a range of litigation matters, including professional liability disputes, insurance coverage, director and officer liability, commercial law, and employer/employee disputes. He regularly consults with insurers and businesses of all sizes on risk management and litigation management matters.

Mr. Garin earned a B.G.S. from the University of Michigan and received his J.D. cum laude from Michigan State University-Detroit College of Law, where he was a member of the Law Review. He is a member of the State Bar of Nevada, State Bar of Michigan, the State Bar of Illinois, and the State Bar of Colorado. He is admitted before the United States District Court for the Eastern and Western District of Michigan, the United States District Court for the District of Nevada, as well as in the Sixth Circuit and Ninth Circuit Court of Appeals.

He is currently co-chair of the Professional Liability Committee for the Claims & Litigation Management Alliance ("CLM"), an international organization with more than 25,000 members. He is a Committee Member to the Southwest Chapter of the Professional Liability Underwriting Society. He has served as the Chair of the State Bar of Nevada Standing Committee on Ethics and Professional Responsibility. He has served as a court-appointed special master and settlement facilitator. He is an SCAO-trained Mediator. He consults regularly and has testified as an expert witness. He has been a featured speaker at continuing education conferences on a national and state level. He completed the Certified Litigation Management Professional Training through CLM at Columbia University and, he was awarded a CLMP Certificate in October 2015.

He is rated "AV Preeminent" by Martindale Hubbell in both Nevada and Michigan. He has been selected as a Mountain States Super Lawyer in Nevada since 2007. In 2013-15, he was recognized by Vegas Inc. and included in its Top Lawyers program.

**WORK EXPERIENCE**

       2001 – Present  Lipson, Neilson, Cole, Seltzer & Garin, P.C.
                  9900 Covington Cross Drive, Suite 120
                  Las Vegas, Nevada  89144
                  Shareholder

1

|  |  |
|---|---|
| 1999 – 2003 | Lipson, Neilson, Jacobs & Cole, P.C<br>Shareholder |
| 1995 – 1999 | Lipson, Neilson, Jacobs & Cole, P.C.<br>Partner |
| 1988 – 1994 | Lipson, Neilson, Jacobs & Cole, P.C.<br>Associate Attorney |
| 1988 | United States District Court<br>Detroit, Michigan<br>Hon. Richard F. Suhrheinrich<br>Judicial Externship |

**EDUCATION**

|  |  |
|---|---|
| 1986 – 1988 | Detroit College of Law at Michigan State University<br>Degree:  JD (*cum laude*)<br>Law Review |
| 1981 – 1985 | University of Michigan<br>Degree: BGS (English and Political Science) |

**CONTINUING EDUCATION COURSES TAUGHT**

|  |  |
|---|---|
| Jul 2017 | CLM Professional Liability Conference<br>Co-Chair and Panelist<br>Boston, Massachusetts |
| Jun 2017 | State Bar of Nevada<br>Speaker<br>Austin, Texas |
| Jun 2017 | ArgoPro<br>Speaker<br>Las Vegas, Nevada |
| Dec 2016 | CLE on Promotions, Games and Campaigns – Compliance, Rules and Ethics<br>Panelist<br>Las Vegas, Nevada |
| Sep 2016 | Claims College<br>Speaker<br>New York City, New York |

2

| | |
|---|---|
| Jul 2016 | CLM Professional Liability Conference<br>Co-Chair and Panelist<br>*Lawyers: Global Perspectives*<br>Boston, Massachusetts |
| Apr 2016 | CLM- Annual National Conference<br>Speaker<br>Orlando, Florida |
| Nov 2015 | State Bar of Nevada<br>Chair and Panelist<br>*Ethics Year in Review*<br>Las Vegas, Nevada |
| Nov 2015 | CLM-Claims / Litigation Management<br>*Ethics in a Wireless World (Encore)*<br>Atlanta, Georgia |
| Jun 2015 | CLM-Professional Liability Conference<br>Chair and Panelist<br>*Ethics in a Wireless World*<br>Chicago, Illinois |
| Nov 2014 | State Bar of Nevada<br>Chair and Panelist<br>*Ethics Year in Review*<br>Reno, Nevada |
| Nov 2014 | LPL/Legal Malpractice Conference<br>*The Discipline Process for Insurance Producers & Lawyers*<br>New York, New York |
| Jul 2014 | CLM-Professional Liability Conference<br>*Experts, Specialization & Advertising*<br>Boston, Massachusetts |
| Jul 2014 | Kemper Insurance<br>*Accountant & Auditor Malpractice Claims: An Introduction*<br>Charlotte, North Carolina |
| May 2014 | PLUS – Southwest Chapter<br>*The Discipline Process for Lawyers & Ins. Producers*<br>Las Vegas, Nevada (Program Director) |

| | |
|---|---|
| Apr 2014 | CLM- Annual National Conference<br>*If you think you are an "expert" or you "specialize," be careful how you advertise!*<br>Boca Raton, Florida |
| Jan 2014 | Community Association Institute<br>*Professional Liability Issues for Community Association Attorneys*<br>Las Vegas, Nevada |
| Nov 2013 | State Bar of Nevada<br>Ethics Year in Review<br>Las Vegas, Nevada |
| Oct 2013 | Clark County Bar Association<br>*Discovery, Spoliation, Claiming Privilege, & Withdrawal*<br>Las Vegas, Nevada |
| Jul 2013 | CLM- Professional Liability Conference<br>*The 3 Ps in Mediation of Professional Liability Claims*<br>Boston, Massachusetts |
| May 2013 | Las Vegas Valley Paralegal Association<br>*Pleadings & Discovery*<br>Las Vegas, Nevada |
| Apr 2013 | CLM-Annual Conference<br>*The Economic Recession & Damages*<br>San Antonio, Texas |
| Jan 2013 | State Bar of Nevada<br>*Evidence & Ethics*<br>Las Vegas, Nevada |
| Jan 2013 | State Bar of Nevada<br>Ethics Year in Review<br>*When Attorneys Leave a Firm: How Not to Leave*<br>Las Vegas, Nevada |
| Jun 2012 | Las Vegas Valley Paralegal Association<br>*Discovery & Ethics*<br>Las Vegas, Nevada |
| Jan 2013 | ABA – Spring LPL Conference<br>*Lawyer Professional Liability- Case Law Developments*<br>New York, New York |

4

| | |
|---|---|
| 2012 | CLM<br>*Disastrous Professional Liability Claims*<br>Chicago, Illinois |
| 2012 | E&O Insurance ExecuSummit<br>*Claims Against Real Estate Professionals*<br>Uncasville, Connecticut |
| 2011 | State Bar of Nevada<br>*Year End Ethics Round Up*<br>Las Vegas, Nevada |
| 2011 | Clark County Bar Association<br>*Discovery & Ethics*<br>Las Vegas, Nevada |
| 2010 | State Bar of Nevada<br>*Ethics in Jeopardy*<br>Las Vegas, Nevada |
| 2010 | One Beacon Annual LPL Conference<br>*Lawyer Professional Liability*<br>Las Vegas, Nevada |
| 2008 | Travelers Insurance Company<br>*Lawyer Professional Liability*<br>Schaumberg, Illinois |
| 2008 | GAIC<br>*Directors and Officer Liability*<br>Schaumberg, Illinois |
| 2007 | GAIC<br>Professional Liability Conference<br>*Lawyer Professional Liability*<br>Las Vegas, Nevada |
| 2005 | American Bar Association, Spring LPL Conference<br>*Lawyer Professional Liability*<br>Boston, Massachusetts |
| 2001-04 | Oakland County (Michigan) Bar Association<br>*State of the Law Legal Malpractice*<br>Bloomfield Hills, Michigan |

**PUBLICATIONS:**

| | | |
|---|---|---|
| | Apr 2017 | e-Newsletter from the ABA Standing Committee on Lawyers' Professional Liability<br>*Imputed Disqualification of Lawyer is Not Required Unless Lawyer Gained Actual Knowledge of Information Protected by Rules of Professional Conduct* |
| | Mar 2017 | e-Newsletter from the ABA Standing Committee on Lawyers' Professional Liability<br>*A Bankruptcy Court Order Permitting Creditors to Pursue Legal Malpractice Claims in State Court in the Name of a Debtor's was an Impermissible Assignment and Violates Public Policy* |
| | Mar 2016 | Article from State Bar of Nevada<br>*The Rules of Professional Conduct in Legal Malpractice Litigation* |
| | Nov 2015 | e-Newsletter from the ABA Standing Committee on Lawyers' Professional Liability<br>*Nevada Supreme Court confirms sanctions "short-cut" to circumvent the "safe-harbor" requirement of Rule 11* |
| | Jan 2015 | e-Newsletter from the ABA Standing Committee on Lawyers' Professional Liability<br>*Nevada formally recognizes litigation malpractice tolling rule* |
| | Sep 2014 | e-Newsletter from the ABA Standing Committee on Lawyers' Professional Liability<br>*The Nevada Supreme Court clarifies the "litigation privilege" and holds that statements made to the media during judicial proceedings are not protected by the absolute privilege and the publisher may be subject to claims for defamation.* |
| | Aug 2014 | e-Newsletter from the ABA Standing Committee on Lawyers' Professional Liability<br>*Nevada adopts legal-malpractice exception to the litigation privilege* |

| | |
|---|---|
| May 2014 | e-Newsletter from the ABA Standing Committee on Lawyers' Professional Liability<br>*Counsel's failure to comply with calendar dates on appeal may be imputed to client for purposes of dismissing the appeal without a decision on the merits.* |
| Aug 2013 | e-Newsletter from the ABA Standing Committee on Lawyers' Professional Liability<br>*Recent Nevada Supreme Court Advance Opinion examines the statute of limitations discovery rule applicable to legal malpractice actions.* |
| Jul 2013 | e-Newsletter from the ABA Standing Committee on Lawyers' Professional Liability<br>*Issue preclusion is only applicable where an issue is actually and necessarily litigated.* |
| Feb 2013 | e-Newsletter from the ABA Standing Committee on Lawyers' Professional Liability<br>*Nevada federal court adopts Cumis rule requiring independent counsel be appointed when actual conflict of interest arises between the insured and insurer.* |
| Mar 2012 | e-Newsletter from the ABA Standing Committee on Lawyers' Professional Liability<br>*"Business Enterprise Exclusion" Defeats Coverage Where Entity Claiming Legal Malpractice was Managed and 27% Owned by Partners of Law Firm Accused of Malpractice.* |

**ADMISSIONS**

| | |
|---|---|
| 2015 | State Bar of Arizona - Pending |
| 2010 | United States Court of Appeals – 9th Circuit |
| 2009 | United States District Court – Colorado District |
| 2001 | State Bar of Colorado |
| 2000 | United States District Court - Nevada District |
| 1998 | State Bar of Nevada |

7

**Pg. 035**

| | |
|---|---|
| 1992 | United States Court of Appeals – 6th Circuit |
| 1990 | State Bar of Illinois |
| 1988 | State Bar of Michigan<br>United States District Court ED Michigan |

**PRACTICE AREAS:** Professional (Accountants, Attorneys, Architects, Insurance Agents / Brokers, Real Estate Brokers) Liability Claims, Ethics, Commercial Litigation, Employment Litigation, Risk Management, Insurance Coverage, and Litigation Management

**PRIOR EXPERT WITNESS WORK**

*Vahey, et. al. v. Yampolsky, et. al.*
Clark County District Court Case No. A-14-695460-C
Report: January 2017
Testimony: April 2017

*Olarte v. Mueller, et. al.*
Clark County District Court Case No. A-13-690233-C
Report: September 2016
Testimony: N/A

*Confidential v. Confidential et al.*
JAMS Case No. 1260002283
Clark County, Nevada
Report: July 2014
Testimony: February 2015

*Massi v. Nobis*
Clark County Case No. A-12-672579C, Dept. XX
Las Vegas, Nevada
Report: May 2013.
Testimony: December 2013

*Confidential v. Confidential, et al.*
American Arbitration Association Case No. 13194Y0060510
New York, New York
Report: June 2012
Testimony: July 2012

*Financial Indemnity Company v. Merritt Chapman, et al.*
Clark County Case No. A-11-635101C, Dept. XXX,
Las Vegas, Nevada
Report: July 2012

**REFERENCES AVAILABLE UPON REQUEST**

8