# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ABBEY DENTAL CENTER, INC., )
                                        Plaintiff, )       Case No.: 2:15-cv-2069-GMN-PAL
vs. )
                                                    )                 **ORDER**
CONSUMER OPINION LLC, )
                                                    )
                                  Defendant. )

Pending before the Court is the Motion for Attorneys' Fees, (ECF No. 59), filed by Defendant Consumer Opinion LLC ("Defendant"). Plaintiff Abbey Dental Center, Inc. ("Plaintiff") filed a Response, (ECF No. 63), and Defendant filed a Reply, (ECF No. 67).

Also pending before the Court is the Motion for Determination as to Entitlement to Costs and Attorneys' Fees, (ECF No. 71), filed by Defendant. Plaintiff filed a Response, (ECF No. 73), and Defendant filed a Reply, (ECF No. 74). For the reasons discussed below, the Court **DENIES** Defendant's Motions.[1]

# I. BACKGROUND

This case arises out of Plaintiff's trademark dispute under the Lanham Act, 15 U.S.C. §§ 1114, 1125, regarding Plaintiff's registered trademark of "Abbey Dental." (First Am. Compl. ("FAC") ¶¶ 9-10, ECF No. 28). On October 27, 2015, Plaintiff filed its Complaint, (ECF No. 1), and on December 8, 2016, Plaintiff filed its First Amended Complaint. Defendant filed Motions to Dismiss, (ECF Nos. 25, 30), for both of Plaintiff's Complaints and alleged that Plaintiff's suit is a Strategic Lawsuit Against Public Participation ("SLAPP") under

---

[1] Also pending before the Court is Plaintiff's Motion to Strike the Bill of Costs, (ECF No. 65). Defendant filed a Response, (ECF No. 68), and Plaintiff filed a Reply, (ECF No. 69). However, because the Court is denying Defendant's Motions for Attorneys' Fees, rendering the Bill of Costs unnecessary, the Court **DENIES** Plaintiff's Motion to Strike as moot.

Nevada Revised Statute ("NRS") § 41.635–70 ("Anti-SLAPP Statute"). (*See, e.g.*, Sec. Mot. to Dismiss 2:18–23, ECF No. 30). Additionally, Defendant filed a Motion for Summary Judgment, (ECF No. 31).

On June 20, 2017, Plaintiff filed a Motion to Dismiss without Prejudice Pursuant to Federal Rule of Civil Procedure ("FRCP") 41(a). (ECF No. 48). Plaintiff sought to dismiss its own action because it was "no longer financially practicable to continue prosecuting this matter." (Pl.'s Mot. to Dismiss 2:9, 2:21). On August 10, 2017, the Court granted Plaintiff's Motion to Dismiss and dismissed the case without prejudice. (*See* Order 6:5–6, ECF No. 51) (hereinafter "Prior Order").

That same day, Defendant filed a Motion to Alter or Amend Judgment, (ECF No. 54), where Defendant requested clarification on whether it can file a motion for attorneys' fees. On November 19, 2017, the Court granted Defendant's Motion and allowed it to file a separate motion for attorneys' fees. Defendant now has two pending Motions for Attorneys' Fees before the Court, (ECF Nos. 59, 71).

## II. <u>LEGAL STANDARD</u>

To protect a defendant's interests when a dismissal is without prejudice, a court can condition a dismissal upon the payment of "appropriate costs and attorney fees." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). However, the "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory." *Id.*; *accord. Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). Further, the Ninth Circuit has held that "Fed. R. Civ. P. 41(a)(2) in itself is not 'specific statutory authority' for the imposition of sanctions against an attorney." *Heckethorn v. Sunan Corp.*, 992 F.2d 240, 242 (9th Cir. 1993).

"Given the presumption that an attorney is generally not liable for fees unless that prospect is spelled out, it would be incongruous to conclude from the broad language of Fed. R.

Civ. P. 41(a)(2) that an attorney could be sanctioned by authority of this rule alone." *Id.* at 242; *see also Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983) ("[A]bsent contractual or statutory authorization, a prevailing litigant ordinarily may not collect attorneys' fees."). Thus, the district court must have an independent basis to impose fees and costs as a condition of voluntary dismissal. *Heckethorn*, 922 F.2d at 242.

## III. DISCUSSION

Defendant argues that it is entitled to $69,912.50 in attorneys' fees pursuant to 15 U.S.C. § 1117(a) ("Lanham Act") and Nevada Revised Statute ("NRS") § 47.670(1)(a). (*See* Mot. for Att'ys' Fees 8:11–15, ECF No. 59); (*see also* Mot. for Determination as to Entitlement to Costs and Att'ys' Fees ("Mot. for Det.") 1:24–26, ECF No. 71). The Court will address each in turn.

### A. Lanham Act

Under 15 U.S.C. § 1117(a), a court may award reasonable attorneys' fees to the prevailing party in "exceptional cases." *Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000) (quoting 15 U.S.C. § 1117(a)). While the statute does not define the term "exceptional," generally a trademark case is exceptional when the court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully. *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002) (upholding an award of attorneys' fees under § 1117(a) based on finding that defendant acted "knowingly, maliciously, and oppressively, and with intent to . . . injure"). Exceptional circumstances further include when "a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1112 (9th Cir. 1999). Moreover, under the Lanham Act, an award of attorneys' fees is within the district court's discretion. 15 U.S.C. § 1117(a) (stating that the court "may" award fees).

As the Court stated in its Prior Order, a plaintiff's voluntary dismissal with prejudice with each party to pay its own fees amounts to a judgment on the merits, and in such a case the defendant is technically the prevailing party. *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 2007) (abrogated on other grounds). The prevailing party on a Lanham Act claim *may* be entitled to reasonable attorneys' fees in exceptional cases. 15 U.S.C. § 1117(a) ("The court in exceptional cases *may* award *reasonable* attorney fees to the prevailing party.") (emphasis added). The Ninth Circuit reviews an attorneys' fee award under the Lanham Act for abuse of discretion. *Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012).

The Supreme Court has held that a party may be accorded "prevailing party" status only when that party obtains judicial relief "creat[ing a] 'material alteration of the legal relationship of the parties.'" *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (quoting *Tex. State Teachers Assn. v. Garland Indep. School Dist.*, 489 U.S. 782 (1989)). In the Ninth Circuit, a dismissal without prejudice does not constitute a material alteration in litigants' legal relationship. *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008).

Here, Defendant argues that "the weakness of Plaintiff's litigation position makes this case exceptional." (Mot. for Att'ys' Fees 10:11) (emphasis omitted). Moreover, Defendant asserts that "[a]s the Court recognized in its [Prior] Order granting Plaintiff's motion to dismiss, [Defendant] is the prevailing party, and is thus entitled to attorneys' fees if this is an 'exceptional case' under 15 U.S.C. § 1117(a)." (*Id.* 10:3–5).

However, the Court never recognized that Defendant was the prevailing party. Instead, the Court cited to case law, as stated *supra*, that a voluntary dismissal "with prejudice with each party to pay its own fees amounts to [a] judgment on the merits;" this situation would make a defendant the prevailing party. *See Zenith*, 108 F.3d at 207. That is not the case here.

Conversely, Plaintiff not only sought dismissal without prejudice—which was granted—but also did not seek each party to pay its own costs and fees, precluding a judgment on the merits.

Moreover, although the Prior Order stated that "Defendant does not present any argument as to why Plaintiff's case is exceptional under the Lanham Act," this statement does not imply that Defendant was the prevailing party. (Prior Order 5:1–2). On the contrary, the Court was merely acknowledging the deficiency of Defendant's argument in its Response. (ECF No. 49), as to its entitlement to fees under the Lanham Act. Because the Court dismissed Plaintiff's claims without prejudice, there was not a material alteration of the parties' legal relationship. Accordingly, Defendant is not a prevailing party for the purpose of attorneys' fees under the Lanham Act.

**B. NRS § 41.670(1)(a)**

In an action involving state law claims, district courts apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule. *Jiangmen Kinwai Furniture Decoration Co. Ltd v. Int'l Mkt. Centers, Inc.*, 2016 WL 6637699, at *2 (D. Nev. Nov. 8, 2016) (citing *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999)). Under Nevada law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994); NRS § 18.010.

NRS § 41.670 states as follows:

> If the court grants a special motion to dismiss filed pursuant to NRS 41.660: (a) The court shall award reasonable costs and attorney's fees to the person against whom the action was brought . . .

NRS § 41.670(1)(a). Here, Defendant's Motions to Dismiss were not granted, but dismissed without prejudice. (*See* Prior Order 6:5–6). Therefore, Defendant's argument for

attorneys' fees pursuant to NRS § 41.670(1) is precluded. The Court thus declines to issue attorneys' fees for Defendant under either the Lanham Act or NRS § 41.670.[2]

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Attorneys' Fees, (ECF No. 59), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Bill of Costs, (ECF No. 65), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Determination as to Entitlement to Costs and Attorneys' Fees Under NRS § 41.670, (ECF No. 71), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Order Extending Time to Appeal, (ECF No. 72), is **GRANTED**. The parties shall have fourteen days from the date of this Order to file an appeal.

**DATED** this __23__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[2] Defendant filed a Motion for Order Extending Time to Appeal, (ECF No. 72). Plaintiff failed to file a response, and the time to do so has passed. Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." D. Nev. R. 7-2(d). Given Plaintiff's failure to file an opposition, the Court grants the Motion for Order Extending Time to Appeal pursuant to Local Rule 7-2(d). Accordingly, parties have fourteen days after the date of this Order to file an appeal.